■ In the Matter of the Claim of Robin C. Ambrose, Respondent. Board of Education of the Malverne Union Free School District, Appellant; John F. Hudacs, as Commissioner of Labor, Respondent. [595 NYS2d 126] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 6, 1991, which ruled that claimant was entitled to receive unemployment insurance benefits.

We find that the decision of the Unemployment Insurance Appeal Board is not supported by substantial evidence and must, therefore, be reversed. Claimant was employed by the Board of Education of the Malverne Union Free School District (hereinafter District) to teach business education for a three-year probationary term commencing September 1, 1989.

In October 1989, claimant was informed in a memorandum from the District Supervisor of Curriculum and Instruction that her continued employment with the District was contingent upon her taking and passing the National Teacher's Examination (hereinafter NTE), which was given every March, June and October, and obtaining certification. Claimant admitted at the hearing that, during a subsequent meeting with the District Supervisor, she was specifically told to take the March 1990 NTE and, if she did not pass, her job would be in jeopardy. Although the NTE consists of three separate parts and despite the District Supervisor's conversation with her, claimant admitted that she deliberately chose to take only one part in March 1990, which she failed. Claimant was again specifically informed in writing that she had to take and pass the June 1990 NTE to continue working in the District. Claimant, however, only registered for two of the three parts. Claimant contends that she was confused by the instructions but neglected to ask for guidance to make sure she was registering properly even though she knew that her employment was contingent on her taking and passing this entire test. In this respect, claimant voluntarily engaged in conduct which eliminated any possibility that she could keep her employment with the District beyond the 1989-1990 school year (compare, Matter of Hannah [New York City Bd. of Educ.—Hartnett], 144 AD2d 765, with Matter of Michael [Long Is. Coll. Hosp.—Ross], 60 AD2d 438, lv denied 45 NY2d 708; see also, Matter of De Grego v Levine, 39 NY2d 180). Under the circumstances, we find that claimant is disqualified from receiving unemployment insurance benefits. Furthermore, the overpayment in benefits is recoverable under Labor Law § 597 (4).

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.