■ In the Matter of CINDY SUAREZ, Respondent. WFS SERVICES INC., Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [655 NYS2d 179] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 1995, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed as a supervisor of the customer service bureau at a receivables management corporation. During her employment, claimant had been warned about her excessive absences. On November 2, 1993, claimant was discharged from her position for misconduct after reporting to work late on October 29, 1993. After a hearing, the Unemployment Insurance Appeal Board determined that the final incident responsible for claimant's termination was tardiness. The

Board further determined that such tardiness did not constitute disqualifying misconduct and, therefore, claimant was entitled to receive benefits. The employer now appeals.

Claimant failed to appear at the initial hearing which resulted in a default decision disqualifying her from receiving benefits. Claimant later testified that, at the time the first hearing was scheduled, she was in the process of relocating to Florida. Claimant noted that after receiving the hearing notice, she called and wrote to the Board to inform it that she would be unable to attend. Under these circumstances, we find that the Board did not abuse its discretion in reopening the case (*see, Matter of Huber [Sweeney]*, 228 AD2d 841; *Matter of Levine [Sweeney]*, 212 AD2d 848).

We further find that there is substantial evidence to support the Board's conclusion that claimant was not guilty of disqualifying misconduct. Claimant testified that she was authorized to work flexible hours and was therefore not late for work on October 29, 1993. The employer's contention to the contrary merely raised questions of credibility which were for the Board to resolve (*see, Matter of Zatarga [Kreisel Co.— Sweeney]*, 231 AD2d 776; *Matter of Mahanger [Cellular One— Sweeney]*, 223 AD2d 908). We find the employer's contention that the Board erred in considering only claimant's tardiness and not her absenteeism to be without merit. The Board's decision clearly acknowledges that it was aware of and considered claimant's absenteeism. We conclude that there is substantial evidence in the record to support the Board's finding that the incidents that led to claimant's discharge did not rise to the level of disqualifying misconduct.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.