■ In the Matter of the Claim of LUZ-ESTELLE PUENTE, Appellant. COMMISSIONER OF LABOR, Respondent. [703 NYS2d 585] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 25, 1998, which ruled, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

The record demonstrates that claimant, a child protective worker, returned to work after a medical leave of absence and was informed that she was being transferred to Manhattan so that she would no longer have to perform work duties at Brooklyn Family Court where she had filed a harassment complaint against a court officer. Claimant indicated she wished to remain in Brooklyn but was told that there were no current jobs that did not require interaction with this Court. As a result, claimant became loud and argumentative and made a denigrating comment about a supervisor's last name. Although the supervisor then told claimant to leave, she refused to do so until a security guard was called. The employer ultimately terminated claimant as a result of this incident and the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits.

We affirm. The issue of whether a claimant was discharged for disqualifying misconduct is a question of fact for the Board to resolve (*see, Matter of Pullum [Sweeney]*, 224 AD2d 897). Notably, insubordination and "[t]he use of vulgar language and disrespectful conduct toward supervisors [can] constitute[ ] disqualifying misconduct" (*Matter of Stagno [Sweeney]*, 239 AD2d 766, 767). While claimant's version of the events surrounding her termination differed from that of the employer,

this conflict presented a credibility issue for the Board to resolve (*see, Matter of Rulka [Commissioner of Labor]*, 249 AD2d 876). We have examined claimant's remaining arguments, including her due process claims, and find them to be unpersuasive.

Cardona, P. J., Mercure, Crew III, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.