■ In the Matter of the Claim of Susan J. Nunziata, Respondent. Putnam County National Bank of Carmel, Appellant; Commissioner of Labor, Respondent. [742 NYS2d 731] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 31, 2001, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant worked for the employer bank as a branch manager. The bank tellers whom she supervised disapproved of claimant's job performance and repeatedly reported their critical evaluations to claimant's supervisor. Among her coworkers' complaints were allegations that claimant received an excessive number of personal telephone calls, she violated the employer's rules prohibiting employees from discussing the amount of their compensation and prohibiting anyone from going into the tellers' cash boxes without their permission and she behaved in a rude manner toward coworkers and bank customers. Claimant was notified of these complaints by her supervisor. When her coworkers continued to report their dissatisfaction to the employer, claimant was discharged.

The Unemployment Insurance Appeal Board ruled that claimant was qualified to receive unemployment insurance benefits based on findings that the conduct that led to her discharge involved a conflict between claimant and her subordinates which did not rise to the level of disqualifying misconduct. Substantial evidence in the record supports this decision. Claimant testified that a majority of the personal telephone calls she received at work were made by her children letting her know that they had arrived home safely from school. She added that these calls were usually brief and did not distract her from waiting on customers because they were normally

made late in the day, after the public part of the bank was closed. Claimant further testified that she never engaged in discussions regarding the amount of her coworkers' compensation; she simply inquired as to whether they had received raises or holiday bonuses. Claimant explained that she had only gone into the tellers' cash boxes when they needed help accounting for funds. Finally, she disputed the allegations that she was rude to her coworkers and to customers of the bank. It was established that no complaints from customers concerning claimant were ever registered.

The determination of whether conduct that precipitated a person's discharge constitutes disqualifying misconduct presents an issue of fact for resolution by the Board (*see, Matter of Pullum [Sweeney]*, 224 AD2d 897). So long as the Board's decision is based upon substantial evidence, it will not be disturbed (*see, Matter of Dunn [Sweeney]*, 241 AD2d 609, 610). Claimant's testimony constituted the requisite substantial evidence here. Although she presented a contrary version of the facts in question, the Board was free to credit her testimony over that of the employer's witnesses (*see, Matter of Puente [Commissioner of Labor]*, 270 AD2d 555, 556, *lv dismissed* 95 NY2d 896; *Matter of Suarez [Sweeney]*, 237 AD2d 842, 843). Therefore, even if the record contains evidence that could support a contrary decision, where there is substantial evidence supporting the decision of the Board, it will not be disturbed (*see, Matter of Ray Catena Corp. [Commissioner of Labor]*, 274 AD2d 819, 820; *Matter of Higgins [Marketsoft, Inc.—Commissioner of Labor]*, 257 AD2d 881, 882).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.