■ In the Matter of the Claim of REGINA A. VAKSMAN, Respondent. LENOX HILL RADIOLOGY AND MEDICAL ASSOCIATES PC, Appellant; COMMISSIONER OF LABOR, Respondent. [757 NYS2d 388] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 21, 2002, which ruled that claimant was eligible to receive unemployment insurance benefits.

Upon being hired as a full-time ultrasound technician for a medical center, claimant signed a letter which indicated that the position required that she be certified by the American Diagnostic Society in order to maintain her employment position. Claimant testified that she needed to pass two parts of the test in order to be certified. Although claimant twice took a part of the certification test, she failed to pass. When she informed the employer, claimant was placed on part-time

---

status and told that there was no longer a need for her to take the certification test or to be registered. The employer nevertheless discharged claimant months later for failing to be registered. The Unemployment Insurance Appeal Board ruled that claimant was eligible to receive unemployment insurance benefits and the employer appeals.

It is for the Board to resolve whether a claimant is discharged for disqualifying misconduct (*see Matter of Puente [Commissioner of Labor]*, 270 AD2d 555 [2000], *lv dismissed* 95 AD2d 896 [1983]). Here, the employer contends that claimant's failure to take both parts of the test required for her certification amounted to disqualifying misconduct. Unlike in *Matter of Ambrose (Board of Educ. of Malverne Union Free School Dist.— Hudacs)* (191 AD2d 845), relied upon by the employer, there was no allegation at the hearing that claimant was negligent in taking the test or acted deliberately in disregarding the employer's instructions. In any event, because she was unable to pass the test, claimant was placed on part-time status. The Board was free to credit claimant's testimony that the employer informed her that as a part-time employee she was not required to take the test and be certified (*see Matter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor]*, 295 AD2d 667 [2002]), particularly given the fact that the representative who testified on behalf of the employer was unsure whether such registration requirement was waived for part-time employees. Even if the record contained evidence that could support a contrary conclusion, the decision will not be disturbed inasmuch as substantial evidence supports the Board's conclusion (*see id.*).

Cardona, P.J., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.