■ In the Matter of the Claim of GERARD CHILELLI, Respondent. M & R TOMATO DISTRIBUTORS, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [759 NYS2d 916] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 2002, which ruled that claimant was entitled to receive unemployment insurance benefits.

On the last day of claimant's employment, his behavior caused the employer to assume that he was intoxicated. Claimant's offer to take a urinalysis test was declined and security officers were directed to remove him from the building. A note from claimant's physician subsequently reported that he had been treated for a middle ear infection on the date in question, an illness which presumably accounted for his physical condition. Claimant did not return to work the next day, asserting that the employer had explicitly discharged him prior to having him escorted from the work site. The employer denies this assertion, stating that claimant was not discharged until the next day and that his discharge was provoked by his unexcused absence from work. The employer testified that claimant had accrued three previous unexcused absences and had been warned that a fourth would result in his dismissal.

The Unemployment Insurance Appeal Board ruled that claimant was eligible for unemployment insurance benefits on the ground that his employment had ended under nondisqualifying circumstances. We affirm. Claimant presented evidence to refute claims that he reported for work under the influence of alcohol or any other controlled substances on the date in

question, or that he was guilty of an unauthorized absence from work based upon his absence on the day after the employer had discharged him. The conflicting descriptions given by claimant and the employer of the events leading up to the termination of claimant's employment presented issues of credibility for resolution by the Board (*see Matter of Hunt [Commissioner of Labor]*, 286 AD2d 819 [2001]). As substantial evidence supports the Board's decision that claimant was not guilty of disqualifying misconduct, it will not be disturbed (*see Matter of McDuffie [Commissioner of Labor]*, 257 AD2d 824, 825 [1999]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.