■ In the Matter of the Claim of JIMMY B. PITTS, Respondent. REEB MILLWORK CORPORATION OF NEW YORK, Appellant; COMMISSIONER·OF LABOR, Respondent. [766 NYS2d 914] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 13, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from his employment as a truck driver following an incident that occurred when his supervisor informed a group of drivers who had just reported for work that certain trucks, including claimant's, had yet to be loaded and that the drivers were needed to assist in loading them. Claimant testified that he did not hear this announcement so he went to his truck where he began entering information in his logbook. His supervisor testified that when he did not see claimant helping in the loading process, he conducted a search and found him sitting in his truck with his head thrown back and his eyes closed. The supervisor assumed that claimant had intentionally ignored his order in favor of taking a nap and again directed him to help load the trucks. Claimant complied but the incident ultimately resulted in the termination of his employment. The Unemployment Insurance Appeal Board ruled that claimant was eligible for unemployment insurance benefits on the ground that the actions that precipitated his discharge did not rise to the level of disqualifying misconduct, prompting this appeal.

Whether a claimant is guilty of disqualifying misconduct, within the meaning of the Labor Law, presents a factual issue for resolution by the Board and its decision, so long as it is supported by substantial evidence, will not be disturbed (see Matter of Sipos [Kidspeace Natl. Ctrs. of N.Y.—Commissioner of Labor], 296 AD2d 747, 748 [2002]). In this instance, the Board's decision is based on substantial evidence in the form of claimant's testimony that he did not hear the order to help in the loading process and that he was not asleep in his truck when his supervisor found him there. The contrary testimony presented on behalf of the employer presented issues of credibility for resolution by the Board (see Matter of Chilelli [M & R Tomato Distribs.—Commissioner of Labor], 306 AD2d 668 [2003]). Inasmuch as substantial evidence supports the decision that claimant was not guilty of disqualifying misconduct, it will not be disturbed. The employer's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.