█ In the Matter of the Claim of KATHLEEN A. PFOHL, Respondent. HUNTER'S HOPE FOUNDATION, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [779 NYS2d 831]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 2003, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by a not-for-profit organization (hereinafter the employer) founded by a celebrity sports star and his wife to support research and awareness of Krabbe's disease. Claimant was initially hired as an events coordinator and later promoted to the position of events manager. On July 29, 2002, the employer's acting executive director spoke to claimant concerning complaints regarding her inappropriate dress, use of vulgar language and rudeness to staff and volunteers. Claimant was warned that if she did not improve and work with the staff and volunteers as a team, her job would be in jeopardy. Thereafter, on her own personal time, claimant attended the founder's induction into a sports hall of fame in Ohio, and paid for her own ticket and hotel room. After returning to work following the induction, claimant was discharged. According to the acting executive director, she was terminated because she mocked staff and used vulgar language while seated in a crowded stadium during the induction ceremony and ignored staff and volunteers at a party following the ceremony.

Claimant's initial application for unemployment insurance benefits was denied. Following a hearing, an Administrative Law Judge upheld this determination, finding that claimant's employment was terminated due to misconduct. The Unemployment Insurance Appeal Board, however, reversed the Adminis-

trative Law Judge's decision and awarded claimant benefits. The employer now appeals.

Initially, we note that "[t]he determination of whether conduct that precipitated a person's discharge constitutes disqualifying misconduct presents an issue of fact for resolution by the Board" (*Matter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor]*, 295 AD2d 667, 668 [2002]). "It is well settled that '[e]very discharge for cause does not mean that the cause constitutes misconduct'" (*Matter of Waszkiewicz [Sulzer Meco, Inc.—Commissioner of Labor]*, 257 AD2d 882, 883 [1999], quoting *Matter of Hunt [General Elec. Co.—Ross]*, 84 AD2d 622, 623 [1981]). "Misconduct is a willful and wanton disregard of the employer's interest" (*Matter of Wrzesinski [Roberts]*, 133 AD2d 884, 885 [1987] [citations omitted]). Based upon our review of the record, substantial evidence supports the Board's finding that claimant's behavior could be attributed to oversight and bad judgment, but did not rise to the level of disqualifying misconduct. Viewed in totality under the circumstances presented, claimant's conduct did not evince a wanton disregard of the employer's interest. Therefore, we decline to disturb the Board's decision.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs.