■ In the Matter of the Claim of GEORGE E. LAW, Respondent. SOFTWARE WORKSHOP, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [799 NYS2d 323]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 10, 2004, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant worked as a senior software engineer for a company with only three employees. The employer terminated him for

insubordination after he refused to be on call during a vacation that he had scheduled for the end of August 2003. Although he was initially granted unemployment insurance benefits, an Administrative Law Judge overruled that determination after a hearing, finding that claimant had been terminated for misconduct. The Unemployment Insurance Appeal Board, however, disagreed and awarded claimant benefits. This appeal by the employer ensued.

"Whether a claimant is guilty of disqualifying misconduct, within the meaning of the Labor Law, presents a factual issue for resolution by the Board and its decision, so long as it is supported by substantial evidence, will not be disturbed" (*Matter of Pitts [Reeb Millwork Corp. of N.Y.—Commissioner of Labor]*, 309 AD2d 1121, 1121 [2003] [citation omitted]; *see Matter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor]*, 295 AD2d 667, 668 [2002]). In the case at hand, claimant testified that although he had previously been required to be on call while on vacation, it was his understanding that he would not be required to do so if he scheduled his vacation around the six-week vacation of the employer's president, which ended around July 15, 2003. He stated that the president did not mention the on-call requirement when claimant scheduled his vacation for the latter part of August. Claimant indicated instead that the requirement was first mentioned around July 28, 2003 when the president stated that he would not be in the office during claimant's vacation period due to his involvement in protest activities. Claimant urged him to reschedule such activities, stating that he did not intend to be on call during his vacation and agreed to discuss the matter with the president. Under these circumstances, substantial evidence supports the Board's finding that claimant did not engage in disqualifying misconduct, notwithstanding the evidence that might support a contrary conclusion (*see Matter of Vaksman [Lenox Hill Radiology & Med. Assoc.—Commissioner of Labor]*, 304 AD2d 1027, 1028 [2003]). The case of *Matter of Van Sluytman (Sweeney)* (235 AD2d 899 [1997]), relied upon by the employer, is distinguishable on its facts.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, with costs.