■ In the Matter of the Claim of JAMES A. McKOY, JR., Respondent. LB&B ASSOCIATES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [810 NYS2d 585]—

Kane, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 2, 2004, which ruled that claimant was eligible to receive unemployment insurance benefits.

Claimant was employed as an HVAC technician when he was discharged for failing to adhere to the employer's written policy prohibiting employees from being away from their assigned work location without permission. The Unemployment Insurance Appeal Board thereafter determined that claimant was entitled to receive unemployment insurance benefits because, in its estimation, he had not been terminated due to misconduct. The employer now appeals.

We affirm. The violation of an employer's rule or policy, while sufficient to justify termination of employment, does not necessarily rise to the level of disqualifying misconduct (*see Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004]; *Matter of McDuffie [Menorah Home & Hosp. for Aged & Infirm—Commissioner of Labor]*, 257 AD2d 824, 824-825 [1999]; *Matter of Dunn [PSC, Inc.—Sweeney]*, 241 AD2d 609, 610 [1997]). For a claimant's actions to equal disqualifying misconduct under the Labor Law, those actions must display "a willful and wanton disregard of the employer's interest" (*Matter of Wrzesinski [Roberts]*, 133 AD2d 884, 885 [1987]; *see Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor], supra* at 730).

Here, although claimant was aware of and violated the employer's rule providing for immediate discharge in the event of an unauthorized absence, this was an isolated incident, claimant had not previously been disciplined or received any warnings, and claimant was not attending to personal errands but left his work location to attend a meeting addressing safety violations at the employer's facility. Under the circumstances, the Board's determination that claimant was not guilty of disqualifying misconduct was supported by substantial evidence (*see Matter of Law [Software Workshop, Inc.—Commissioner of Labor]*, 20 AD3d 847, 848 [2005]; *Matter of Pitts [Reeb Millwork Corp. of N.Y.—Commissioner of Labor]*, 309 AD2d 1121, 1121 [2003]).

Crew III, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.