■ In the Matter of the Claim of MARY A. POWERS, Respondent. L. SCHIEFFELIN & COMPANY, LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [839 NYS2d 305]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 2005, which ruled that claimant was eligible to receive unemployment insurance benefits.

For over two years, claimant worked for a motor scooter dealership as a sales associate and later as a general manager. After she was discharged from her position, claimant applied for unemployment insurance benefits. The Department of Labor issued an initial determination disqualifying claimant from receiv-

ing benefits upon the ground that she was terminated for misconduct. This determination was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, subsequently reversed the Administrative Law Judge's decision and found claimant eligible to receive benefits. This appeal by the employer ensued.

We affirm. Conflicting versions of the circumstances leading to claimant's termination were given by claimant and the employer's representatives. Claimant testified that, following a demotion and withdrawal of a partnership offer a few weeks earlier, the employer told her the situation was not working out and let her go. The employer's witnesses, however, stated that claimant failed to follow directives in the past and that she was terminated after she deliberately failed to clean up the showroom, which was part of her responsibilities. Insofar as the conflicting testimony presented a question of credibility for the Board to resolve and it could choose to credit claimant's testimony that she was not insubordinate over the contrary testimony of the employer's witnesses (*see generally Matter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor]*, 295 AD2d 667, 668 [2002]), substantial evidence supports the Board's decision.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.