■ In the Matter of the Claim of PETER A. KURYLA, Respondent. FINGER LAKES COMMUNITY COLLEGE, Appellant; COMMISSIONER OF LABOR, Respondent. [847 NYS2d 248]—

Carpinello, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 2006, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was an assistant professor at Finger Lakes Community College (hereinafter the employer) in Ontario County when, in October 2004, he was disciplined for using "profane and vulgar language in a loud and disruptive manner, audible to

faculty as well as students and staff passing by [his] office." The one semester suspension without pay levied against claimant for this conduct was suspended provided that, among other things, no similar incidents occur. In December of the following year, another disciplinary action was brought against claimant due to comments made by him to a fellow employee about his supervisor and a brief confrontation with another employee. Based on this conduct, claimant was suspended for the spring 2006 semester and he subsequently applied for unemployment insurance benefits.

Claimant's application for unemployment insurance benefits was initially denied and, finding that claimant was unemployed due to misconduct, an Administrative Law Judge upheld the denial following a hearing. The Unemployment Insurance Appeal Board reversed the Administrative Law Judge's decision and determined that claimant's behavior did not rise to the level of misconduct. The employer now appeals and, finding the Board's determination to be supported by substantial evidence, we affirm.

We begin by noting that "[t]he determination of whether conduct that precipitated a person's discharge constitutes disqualifying misconduct presents an issue of fact for resolution by the Board," and such resolution will not be disturbed if supported by substantial evidence (*Matter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor]*, 295 AD2d 667, 668 [2002]; *accord Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004]). Here, claimant's testimony provided the required quantum of evidence supporting the Board's determination that his conduct was indicative of poor judgment but not misconduct, especially in light of the employer's failure to proffer any witnesses to the events giving rise to its disciplinary action against claimant. The comment made by claimant about his supervisor, while crass, was not profane or vulgar, and claimant's testimony of his confrontation with a fellow employee, which the Board was free to credit (*see Matter of Vaksman [Lenox Hill Radiology & Med. Assoc.—Commissioner of Labor]*, 304 AD2d 1027, 1028 [2003]; *Matter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor]*, 295 AD2d at 668), could properly be deemed by the Board to depict an exchange that falls short of disqualifying misconduct (*see Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d at 730; *Matter of Carlos [Newsday, Inc.—Sweeney]*, 234 AD2d 849, 850 [1996]). While the record also contains evidence that could support a contrary result, inasmuch as the Board's deter-

mination is supported by substantial evidence, we will not disturb its resolution of the conflicting evidence (*see Matter of Vaksman [Lenox Hill Radiology & Med. Assoc.—Commissioner of Labor]*, 304 AD2d at 1028; *Matter of Nunziata [Putnam County Natl. Bank of Carmel—Commissioner of Labor]*, 295 AD2d at 668).

We have considered the employer's remaining argument and find it to be without merit.

Cardona, P.J., Peters and Spain, JJ., concur. Ordered that the decision is affirmed, with costs.