■ In the Matter of the Claim of Toni A. Bush, Respondent. St. Luke's Cornwall Hospital, Appellant; Commissioner of Labor, Respondent. [875 NYS2d 322]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 3, 2008, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant, a medical typing specialist for the employer, provided care to a retired coworker for a number of years. Prior to the coworker's death in October 2005, pension checks made payable to the coworker in care of claimant were deposited directly into the coworker's bank account. Following the coworker's death, claimant sent a copy of the coworker's death certificate to the employer's human resources department and thereafter began receiving pension checks from the provider at her address. Claimant returned the first such check and advised the provider that the coworker had died. When the checks continued to be mailed to her, claimant assumed that she was receiving the checks in accordance with the coworker's previously expressed wishes and cashed them. When the employer learned of this, claimant was fired. Following a hearing at which claimant testified to these events and the employer presented no evidence, the Administrative Law Judge ruled in favor of the employer and concluded that claimant engaged in disqualifying misconduct. The Unemployment Insurance Appeal Board, however, reversed, prompting this appeal by the employer.

Whether a claimant engages in disqualifying misconduct is a factual issue for the Board to resolve (see Matter of Williams [City of New York—Commissioner of Labor], 47 AD3d 994 [2008]; Matter of Jimenez [New York County Dist. Attorney's Off.—Commissioner of Labor], 20 AD3d 843, 844 [2005]), and

not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct (*see Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004]; *see also Matter of Kuryla [Finger Lakes Community Coll.—Commissioner of Labor]*, 45 AD3d 1129, 1130 [2007]). Here, the Board elected to credit claimant's testimony and concluded that it was reasonable, under the circumstances presented, for "claimant to believe that arrangements had been made for her to benefit from the pension." Credibility determinations lie exclusively within the province of the Board (*see Matter of Rogers [Beena 1 Corp.—Commissioner of Labor]*, 47 AD3d 1178, 1178-1179 [2008]; *Matter of Radu [Commissioner of Labor]*, 13 AD3d 701, 702 [2004]), and inasmuch as there is substantial evidence to support the Board's decision, it will not be disturbed.

Cardona, P.J., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.