Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 21, 2009, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as the Director of Human Resources for a not-for-profit health care agency (hereinafter the employer) for nearly two years. She was approached by the divisional director of supported housing programs (hereinafter the Housing Director) concerning hiring a certain individual for a case management position. The approval of the chief executive officer (hereinafter CEO) was required to fill this position and the applicant was required to provide two supervisory references. Because the necessary references were not provided, the CEO did not sign the paperwork approving the hiring of the applicant for this position. An offer of employment, however, was extended to the applicant without such approval and the applicant accepted the position. The Housing Director subsequently informed her supervisor that claimant had extended the offer without the CEO’s approval and had asked her to keep it a secret. Claimant was terminated from her position as a result. Although claimant was initially disqualified from receiving unemployment insur *739 anee benefits on the ground that her employment was terminated due to misconduct, the Unemployment Insurance Appeal Board subsequently ruled that she was entitled to receive benefits. The employer now appeals.
Initially, we note that whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve (see Matter of Bush [St. Luke’s Cornwall Hosp.—Commissioner of Labor], 60 AD3d 1179, 1179 [2009]; Matter of Pfohl [Hunter’s Hope Found., Inc.—Commissioner of Labor], 9 AD3d 729, 730 [2004]). Significantly, not every discharge for cause rises to the level of misconduct for unemployment insurance purposes (see Matter of Bush [St. Luke’s Cornwall Hosp.—Commissioner of Labor], 60 AD3d at 1180; Matter ofPfohl [Hunter’s Hope Found., Inc.—Commissioner of Labor], 9 AD3d at 730). In the case at hand, the employer discharged claimant because she purportedly asked the Housing Director to conceal the truth about the job offer extended to the applicant. The Housing Director testified that claimant extended the offer to the applicant without the CEO’s approval, admitted her mistake and then asked the Housing Director not to tell the CEO about it. Claimant, on the other hand, testified that it was the Housing Director who prematurely extended the offer prior to obtaining the CEO’s approval. She denied asking the Housing Director to keep it a secret from the CEO. This conflicting testimony presented a credibility issue for the Board to resolve and it was entitled to credit the testimony of claimant over that of the Housing Director (see Matter of Pitts [Reeb Millwork Corp. of N.Y.—Commissioner of Labor], 309 AD2d 1121, 1121 [2003]; Matter of Sarmiento [Newsday, Inc.—Commissioner of Labor], 287 AD2d 851, 852 [2001]). Inasmuch as substantial evidence supports the Board’s decision, we decline to disturb it.
Mercure, J.P., Spain, Lahtinen, McCarthy and Egan Jr, JJ, concur. Ordered that the decision is affirmed, without costs.