In the Matter of the Claim of ANDRE F. MARC, Respondent. LEAGUE TREATMENT CENTER & JOAN FENICHEL THERAPEUTIC NURSERY, Appellant; COMMISSIONER OF LABOR, Respondent. [939 NYS2d 737]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 19, 2011, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed as a habilitation specialist or head teacher for the employer from April 2009 until his termination on February 2, 2010. According to the employer, claimant was terminated for failure to complete overdue paperwork, despite prior warnings. Following a hearing, an Administrative Law Judge upheld the initial determination finding that claimant was disqualified from receiving unemployment insurance benefits because he had lost his employment through misconduct. However, the Unemployment Insurance Appeal Board reversed that decision and, instead, concluded that claimant's job performance, while unsatisfactory, did not rise to the level of misconduct. The employer appeals, and we now affirm.

"Whether a claimant lost his or her employment through disqualifying misconduct presents a factual issue for the Board, and its resolution thereof will not be disturbed if supported by substantial evidence" (*Matter of Jimenez [Knickerbocker Club, Inc.—Commissioner of Labor]*, 81 AD3d 1018, 1019 [2011] [citations omitted]; *see Matter of Solomon [Bremner Food Group—Commissioner of Labor]*, 78 AD3d 1415 [2010]). Here, the Board

found that claimant was only afforded a minimal period of time during the week to complete his paperwork, and he did not fall significantly behind until he had to take on the additional paperwork responsibilities of a fellow employee who was on vacation. Further, while claimant concededly was not able to catch up with all of his overdue paperwork by the date requested by the employer, the Board noted that he still managed to complete a significant amount of the backlog prior to his termination. Thus, while the proof of claimant's inefficiency may have justified his discharge, there is, nonetheless, substantial evidence supporting the Board's finding that claimant's poor work performance did not rise to the level of misconduct (*see Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004]; *Matter of Strauss [Bronx House-Emanuel Camps—Sweeney]*, 229 AD2d 652, 652 [1996]).

Mercure, A.P.J., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.