◼ In the Matter of the Claim of PAULA R. JACKSON, Respondent. COUNTY OF NASSAU CIVIL SERVICE COMMISSION, Appellant; COMMISSIONER OF LABOR, Respondent. [949 NYS2d 220]—

---

Claimant worked as a correction officer at the Nassau County Correctional Facility for approximately 11 years. In 2008, she began a personal relationship with a man who was later incarcerated at that facility. Claimant continued to have a personal relationship with this individual following his incarceration and communicated with him on her cell phone. This was in contravention of the employer's policy prohibiting corrections personnel from fraternizing with inmates. As a result, claimant was discharged from her position. She was initially disqualified from receiving unemployment insurance benefits on the ground that her employment was terminated due to misconduct, and this determination was later upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, reversed this decision and ruled that claimant was entitled to receive benefits because her activities did not constitute misconduct, but rather an error of judgment. The employer appeals.

We affirm. Initially, we note that whether a claimant has engaged in disqualifying misconduct is a factual issue for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (*see Matter of Irons [TLC W., LLC—Commissioner of Labor]*, 79 AD3d 1511, 1512 [2010]; *Matter of Reilly [Transitional Servs. for N.Y., Inc.—Commissioner of Labor]*, 76 AD3d 738, 739 [2010]). Notably, "not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (*Matter of Bush [St. Luke's Cornwall Hosp.—Commissioner of Labor]*, 60 AD3d 1179, 1180 [2009]; *see Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004]). Here, various allegations of misconduct were made against claimant in the notice of personnel action precipitating her termination and a misdemeanor complaint was apparently filed against her based upon these allegations. However, the only proof presented at the hearing concerning claimant's continuing relationship with the male inmate was that she conversed with him on her cell phone. Notably, the corrections captain who testified on behalf of the employer was unable to provide details of the conversations or the evidence providing the basis for the other allegations of misconduct set forth in the notice of personnel action and crim-

inal complaint. While claimant's activity in making the phone calls violated the employer's policy prohibiting corrections personnel from having personal conversations with inmates, claimant testified that she was unaware of this policy. Based upon the limited record before us, we conclude that substantial evidence supports the Board's finding that claimant's actions, albeit inappropriate, did not rise to the level of misconduct disqualifying her from receiving unemployment insurance benefits. Therefore, we decline to disturb its decision.

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.