*1207 Initially, whether a claimant has engaged in disqualifying misconduct is a factual issue for the Board to resolve and its decision will not be disturbed if supported by substantial evidence (see Matter of Samuels [Rubin — Commissioner of Labor], 95 AD3d 1566, 1566 [2012]; Matter of Marc [League Treatment Ctr. & Joan Fenichel Therapeutic Nursery — Commissioner of Labor], 93 AD3d 991, 991 [2012]). Significantly, “not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct” (Matter of Bush [St. Luke’s Cornwall Hosp. — Commissioner of Labor], 60 AD3d 1179, 1180 [2009]; see Matter of Irons [TLC W., LLC — Commissioner of Labor], 79 AD3d 1511, 1512 [2010]). Rather, “ ‘[m]isconduct is a willful and wanton disregard of the employer’s interest’ ” (Matter of Pfohl [Hunter’s Hope Found,., Inc. — Commissioner of Labor], 9 AD3d 729, 730 [2004], quoting Matter of Wrzesinski [Roberts], 133 AD2d 884, 885 [1987]; see Matter of McKoy [LB&B Assoc., Inc. — Commissioner of Labor], 27 AD3d 922, 923 [2006]). Here, although claimant had engaged in prior insubordinate conduct, his crude reply to the email was premised on his belief that it was junk mail as he testified that he had no idea that it was from a psychologist and related to the anger management program that he was required to take. As it was within the province of the Board to credit this testimony (see Matter of Bush [St. Luke’s Cornwall Hosp. — Commissioner of Labor], 60 AD3d at 1180), it could reasonably conclude that claimant did not engage in further insubordinate conduct by refusing to complete the program and thereby display a wanton disregard *1208 for the employer’s interest. Accordingly, we find no reason to disturb the Board’s decision.
Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.