■ In the Matter of the Claim of JAY OSBORNE, Respondent. ANDREA BUNIS MANAGEMENT, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [957 NYS2d 923]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 3, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from his employment as a property manager for allegedly using his work computer to "surf the Web," in contravention of his employer's written prohibition against the personal use of the Internet during work hours. The Unemployment Insurance Appeal Board thereafter determined that claimant's actions had not risen to the level of disqualifying misconduct because the Internet use was unintentional, and awarded him unemployment insurance benefits. The employer now appeals.

We affirm. Claimant testified that he had never intentionally engaged in personal Internet use on his work computer. Rather, he stated that much of the usage was actually for work purposes, and that the remainder resulted from pop-ups beyond his control or the use of his computer by others. Claimant further admitted to using his smartphone for personal Internet access when away from the office, but stated that he was unaware that such was prohibited. The Board was free to credit this testimony, which provided substantial evidence for its determination that claimant had not committed disqualifying misconduct (*see Matter of McKoy [LB&B Assoc., Inc.—Commissioner of Labor]*, 27 AD3d 922, 923 [2006]; *Matter of Pitts [Reeb Millwork Corp. of N.Y.—Commissioner of Labor]*, 309 AD3d 1121, 1121 [2003]).

Peters, P.J., Mercure, Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.