█ In the Matter of the Claim of EDWINA L. SANDERS, Respondent. RESCUE MISSION ALLIANCE INC., Appellant; COMMISSIONER OF LABOR, Respondent. [965 NYS2d 238]—

---

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 9, 2011, which ruled that claimant was entitled to receive unemployment insurance benefits.

From October 2010 until February 2011, claimant was employed as a clinical care specialist at a residential facility operated by the employer. She was discharged from her position for sleeping while on duty after she had received a suspension for such conduct, as well as a final written warning advising her that a further incident would result in her termination. Claimant was initially disqualified from receiving unemployment insurance benefits on the basis that her employment was terminated due to misconduct. Following a hearing, an Administrative Law Judge granted claimant's application for reopening and sustained the initial determination. However, the Unemployment Insurance Appeal Board reversed this decision and ruled that claimant was entitled to receive benefits. The employer now appeals.

We affirm. Whether a claimant has engaged in disqualifying misconduct is a factual issue for the Board to decide and its determination will be upheld if supported by substantial evidence (*see Matter of Jackson [County of Nassau Civ. Serv. Commn.—Commissioner of Labor]*, 97 AD3d 889, 890 [2012]; *Matter of Marc [League Treatment Ctr. & Joan Fenichel Therapeutic Nursery—Commissioner of Labor]*, 93 AD3d 991, 991 [2012]). Here, conflicting testimony was presented on the issue of whether claimant engaged in disqualifying misconduct. On the one hand, one of claimant's coworkers testified that, shortly after starting her shift, she observed claimant lying on a couch in the family room with her feet up and her eyes closed, and concluded that claimant was sleeping. This information was communicated to claimant's supervisor and, given the prohibition against such conduct contained in the employee handbook as well as the final written warning and suspension issued to claimant, provided the basis for claimant's termination. However, claimant adamantly denied that she was sleeping on the couch in the family room, or that she was on duty when observed by her coworker. As it is the exclusive province of the Board to decide issues of credibility, it could credit claimant's testimony over the other testimony presented and was not bound by the contrary findings of the Administrative Law Judge (*see Matter of Culver [Feinberg—Commissioner of Labor]*, 100 AD3d 1334, 1334 [2012]; *Matter of Samuels [Rubin—Commissioner of Labor]*, 95 AD3d 1566, 1567 [2012]). Accordingly, we find that substantial evidence supports the Board's decision.

Rose, J.P., Stein, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.