Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant was employed as an administrative secretary in the employer’s human resources office from December 2000 to October 2010 until she was terminated for allegedly falsifying her time-keeping record. After claimant was initially granted unemployment insurance benefits, the employer requested a hearing, at which time claimant testified that, with respect to her work hours, she was generally allowed to start work anytime between 7:00 a.m. and 8:00 a.m. On October 27, 2010, she was scheduled to start at 7:00 a.m., but since she had returned from vacation the night before, claimant stated that she decided to start work at 7:30 a.m. However, when she arrived at work she realized she did not have her keys; she therefore sat in her car and did scheduling work until a coworker arrived to let her in at 8:00 a.m. Claimant’s supervisor signed off on claimant’s scheduling correction form that indicated that she began work at 7:30 a.m., but when he found out that she had not actually entered the building until 8:00 a.m., claimant was suspended and then discharged. Following a hearing, an Administrative Law Judge determined that claimant was disqualified from receiving unemployment insurance benefits because she had lost her employment through misconduct. However, the *1212 Unemployment Insurance Appeal Board reversed that decision and, instead, concluded that claimant’s actions did not rise to the level of misconduct. The employer appeals, and we now affirm.
“Whether a claimant lost his or her employment through disqualifying misconduct presents a factual issue for the Board, and its resolution thereof will not be disturbed if supported by substantial evidence” (Matter of Jimenez [Knickerbocker Club, Inc. — Commissioner of Labor], 81 AD3d 1018, 1019 [2011] [citations omitted]; see Matter of Solomon [Bremner Food Group— Commissioner of Labor], 78 AD3d 1415, 1415 [2010]). Significantly, “not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct” (Matter of Bush [St. Luke’s Cornwall Hosp. — Commissioner of Labor], 60 AD3d 1179, 1180 [2009]; accord Matter of Garcia [BS & F Auto Parts, Inc. — Commissioner of Labor], 104 AD3d 985, 986 [2013]). Here, contrary to the employer’s argument, the Board was free to credit claimant’s testimony that she performed work for the employer while waiting in the parking lot between 7:30 a.m. and 8:00 a.m. (see Matter of Vacchio [Astoria Rubbish Removal Co. — Commissioner of Labor], 104 AD3d 989, 989 [2013]). Inasmuch as substantial evidence supports the Board’s conclusion that claimant’s isolated “submission of the corrected time sheet was an act of poor judgment,” we find no basis to disturb the Board’s ruling that claimant’s conduct did not rise to the level of disqualifying misconduct (see Matter of Garcia [BS & F Auto Parts, Inc. — Commissioner of Labor], 104 AD3d at 986).
Rose, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.