█ In the Matter of the Claim of MEGAN F. MORRIS, Respondent. LENOX HILL NEIGHBORHOOD HOUSE INC., Appellant; COMMISSIONER OF LABOR, Respondent. [973 NYS2d 445]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 15, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.

In February 2010, claimant began working as a front desk receptionist for a not-for-profit organization. Her schedule required her to work on the weekends. In February 2012, following instances in which claimant purportedly failed to follow the proper procedure for notifying the employer when she was going to be absent from work on a weekend, her supervisor called a meeting to discuss the matter. During this meeting, the supervisor allegedly instructed claimant that if she was going to be absent on a weekend day, she was to call his company-issued cell phone or email him, but not to call the office number. According to the supervisor, claimant was warned that if she failed to follow this procedure in the future, it could result in her discharge. In April 2012, claimant injured her back at home and called her employer at the office number to report that she would not be at work the weekend of April 7 and 8. Her employment was terminated as a result. Claimant's application for unemployment insurance benefits was initially denied on the ground that she was disqualified due to misconduct, and this

---

determination was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, overruled this decision and found that claimant was entitled to receive benefits. The employer now appeals.

We affirm. "Whether a claimant has committed actions sufficient to disqualify him or her from receiving unemployment insurance benefits is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (*Matter of Garcia [BS & F Auto Parts, Inc.—Commissioner of Labor]*, 104 AD3d 985, 986 [2013] [citations omitted]; *see Matter of Wright [City of Syracuse—Commissioner of Labor]*, 101 AD3d 1198, 1199 [2012]). Notably, " 'not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct' " (*Matter of Nangreave [United Health Servs. Hosps., Inc.—Commissioner of Labor]*, 107 AD3d 1211, 1212 [2013], quoting *Matter of Bush [St. Luke's Cornwall Hosp.—Commissioner of Labor]*, 60 AD3d 1179, 1180 [2009]). Here, conflicting testimony was presented concerning claimant's alleged violation of the employer's call-in policy. Claimant's supervisor and the employer's human resource director testified that claimant was informed at the February 2012 meeting that she was to call her supervisor's company-issued cell phone or email him if she was going to be absent on a weekend, and was further advised of her potential termination if she did not comply with this policy. Claimant, on the other hand, denied receiving this information and stated that she was told to call the office number in the event of a weekend absence. Inconsistent testimony on this issue was given by another employee who was present at the February 2012 meeting. Inasmuch as it was within the Board's province to resolve credibility issues and it could choose to credit claimant's testimony over that of the other witnesses (*see Matter of Sanders [Rescue Mission Alliance Inc.—Commissioner of Labor]*, 106 AD3d 1311, 1312 [2013]; *Matter of Saunders [Life Adj. Ctr., Inc.—Commissioner of Labor]*, 106 AD3d 1317, 1317 [2013]), substantial evidence supports its finding that claimant's actions did not rise to the level of disqualifying misconduct. Accordingly, we find no reason to disturb its decision.

Lahtinen, J.P., Stein, McCarthy and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.