*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 5, 2015           519484
_____

In the Matter of the Claim of
    VICTOR M. MEJIA,
                    Respondent.

METROPOLITAN CABLE
    COMMUNICATIONS INC.,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____


Calendar Date:  December 2, 2014

Before:  Peters, P.J., McCarthy, Egan Jr. and Clark, JJ.

                    _____


        Arnold Davis, New York City, for appellant.

        Michelle I. Rosien, Philmont, for Victor M. Mejia,
respondent.


                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 17, 2014, which ruled that claimant was
entitled to receive unemployment insurance benefits.

        Claimant worked as a technician for the employer, a cable
installation contractor, for five years.  The employer allowed
technicians to use their own personal vehicles for work and they
received extra compensation for doing so.  It also had a policy
prohibiting technicians from having anyone in their vehicles
during the course of the work day without authorization.  On
September 8, 2011, claimant reported to work driving his own
personal vehicle with his wife as a passenger and, after
obtaining his work schedule, dropped his wife off at a doctor's

appointment before arriving at his first call.  The employer found this to be a violation of its policy and terminated claimant's employment.  Claimant's application for unemployment insurance benefits was initially denied on the ground that his employment was terminated due to misconduct.  This determination was later overruled by an Administrative Law Judge following a hearing, and the Unemployment Insurance Appeal Board affirmed this decision, entitling claimant to receive benefits.  The employer now appeals.

Whether the behavior providing the basis for termination constitutes misconduct disqualifying an employee from receiving unemployment insurance benefits is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence (see Matter of Cardenas [Metropolitan Cable Communications, Inc.—Commissioner of Labor], 118 AD3d 1234, 1234-1235 [2014]; Matter of Andrews [A.C. Roman & Assoc.—Commissioner of Labor], 118 AD3d 1216, 1216-1217  [2014]).  "Significantly, 'not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct'" (Matter of Okano [Bruno, Gerbino & Soriano, LLP—Commissioner of Labor], 114 AD3d 1128, 1128-1129 [2014], quoting Matter of Bush [St. Luke's Cornwall Hosp.—Commissioner of Labor], 60 AD3d 1179, 1180 [2009]; see Matter of Nangreave [United Health Servs. Hosps., Inc.—Commissioner of Labor], 107 AD3d 1211, 1212 [2013]).  Here, the written policy that claimant was charged with violating related specifically to company-owned vehicles and did not address employees' personal vehicles.  To the extent that the employer applied the policy to personal vehicles used by employees for work purposes as well, claimant's technical violation may be viewed as an innocent mistake.  In light of this, and given the absence of credible evidence establishing that claimant had received prior warnings for such conduct,[1] substantial evidence supports the conclusion that claimant's transgression was an isolated occurrence that did not rise to the level of disqualifying misconduct (see Matter of Okano [Bruno, Gerbino &

---

[1]  Although claimant's former supervisor testified that he had previously given claimant a verbal warning regarding such conduct, he subsequently gave directly contradictory testimony.

Soriano, LLP—Commissioner of Labor], 114 AD3d at 1129; Matter of Jaiyesimi [ISS Action Inc.—Commissioner of Labor], 114 AD3d 983, 984 [2014]; Matter of McKoy [LB&B Assoc., Inc.—Commissioner of Labor], 27 AD3d 922, 923 [2006]).  Therefore, we decline to disturb the Board's decision.

Peters, P.J., McCarthy, Egan Jr. and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court