Matter of Jelic (Ama Research Labs. Inc.--Commissioner of Labor) (2018 NY Slip Op 00588)





Matter of Jelic (Ama Research Labs. Inc.--Commissioner of Labor)


2018 NY Slip Op 00588


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

524984

[*1]In the Matter of VERA JELIC, Respondent. AMA RESEARCH LABORATORIES INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Feerick Lynch MacCartney & Nugent PLLC, South Nyack (Donald J. Feerick Jr. of counsel), for appellant.
Catherine A. Barber, Guilderland, for Vera Jelic, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 26, 2016, which ruled that claimant was entitled to receive unemployment insurance benefits.
For nearly four years, claimant worked as a laboratory technician for a contract research organization that conducts clinical trials for the testing of cosmetics and skin care products. During December 2014 and January 2015, she arrived to work late on a number of occasions. From February 1, 2015 through March 22, 2015, she was out of work on disability. After she returned to work, her tardiness continued. On April 27, 2015, claimant apparently sustained a work-related injury when a
substance splashed in her eye, and she filed a claim for workers' compensation benefits as a result. She was absent from work for a few days thereafter and, when she returned on May 4, 2015, she was served with three notices of discipline that addressed her tardiness on April 27, 2015 and her absences on April 29, 2015 and May 1, 2015. She was suspended from her job that day. On May 29, 2015, the employer's board passed a resolution terminating her employment. Thereafter, the Department of Labor issued an initial determination granting claimant's application for unemployment insurance benefits. This determination was contested by the employer and, following extended hearings, it was upheld by an Administrative Law Judge. The Unemployment Insurance Appeal Board subsequently affirmed this decision, and the employer now appeals.
The employer contends that claimant engaged in disqualifying misconduct by virtue of her repeated tardiness and attendance problems and, consequently, she was not entitled to receive unemployment insurance benefits. Preliminarily, we note that "[w]hether a claimant's actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct" (Matter of Humphreys [Cayuga Nation of Indians-Commissioner of Labor], 153 AD3d 1017, 1017 [2017] [internal quotation marks and citations omitted]; see Matter of Morris [Lenox Hill Neighborhood House Inc.-Commissioner of Labor, 110 AD3d 1333, 1334 [2013]). The Board's determination in this regard will not be disturbed if it is supported by substantial evidence (see Matter of Mejia [Metropolitan Cable Communications Inc.-Commissioner of Labor], 125 AD3d 1042, 1042 [2015]; Matter of Andrews [A.C. Roman & Assoc.-Commissioner of Labor], 118 AD3d 1216, 1216-1217 [2014]).
The record reveals that, although claimant's tardiness and attendance problems began in December 2014, she was not served with any notices of discipline until May 4, 2015, just after her work-related injury. Claimant's immediate supervisor testified that she instructed claimant on the proper procedure for entering her work hours into the computer system and told her that she had to be at work between the hours of 9:00 a.m. and 5:00 p.m. In fact, claimant received emails in December 2014 and March 2015 reminding her of these requirements. She was not, however, advised that adverse employment consequences would result if she did not follow the proper protocol. Likewise, the notices of discipline did not set forth the disciplinary measures that would be taken if claimant continued to engaged in the objectionable behavior. Furthermore, claimant's termination occurred shortly after she was placed on suspension without affording her an opportunity to correct her behavior [FN1]. Under the circumstances presented, although the employer had cause to discharge claimant, she did not exhibit a willful and wanton disregard of the employer's interest rising to the level of disqualifying misconduct (see generally Matter of Chirico [City of Syracuse-Commissioner of Labor], 136 AD3d 1137, 1138 [2016]; Matter of Rahaman [New York Convention Ctr. Operating Corp.-Commissioner of Labor], 101 AD3d 1206, 1207 [2012]). Accordingly, inasmuch as substantial evidence supports the Board's decision, we find no reason to disturb it. We have considered the employer's remaining arguments and find them to be unpersuasive.
McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Notably, the record discloses that the employer undertook an investigation into claimant's April 27, 2015 work-related injury and concluded that it was staged and that her workers' compensation claim was fraudulent, suggesting that this was the primary reason for her quick termination. The employer's board, however, specifically declined to reach the issue of fraud and terminated claimant's employment on other grounds, including her tardiness and absenteeism. The proof at the hearing before the Administrative Law Judge was limited to the grounds pertaining to claimant's tardiness and absenteeism.