■      In the Matter of the Claim of ROSE CURATO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 22, 1977. It was undisputed that the claimant was discharged from her employment on June 16, 1976 because she had refused to further operate a particular blueprint copy machine referred to in the record as a "Bruning" machine on the previous day. The employer conceded that the claimant had previously complained of the heat in the copy room and its effect on her ability to

work. In particular, the employer admitted that on June 11, 1976 the air conditioning was not working and for that reason the claimant's complaint of excessive heat was accepted by the employer. However, the witness testified that on the day in question, June 15, 1976, the air conditioning was working and he rejected her complaint that it was too hot in the area of the machine. The record establishes that the machine was located in a room which did not have any direct air conditioning although its door or doors were left open to a room which did have air conditioning. The claimant's testimony that a fan could not be used in the machine room because it would disturb the papers being used was essentially undisputed as far as any observation by the employer's representative is concerned. In response to direct questioning by the presiding member of the board on December 15, 1977, the claimant conceded that she did not have a thermometer present in the copy room and was merely guessing or expressing her opinion that it was hot. The claimant's immediate supervisor testified that the machine gave off heat and was definitely "warm" as compared to the rest of the office space. He also acknowledged that some time before the final incident he had been advised by claimant that her doctor considered her as "overworked" and she was complaining about being in the room with the Bruning machine. The record contains a medical report by the claimant's doctor to the local unemployment office dated June 28, 1976 wherein he affirmed that he had previously advised the claimant that her work was adversely affecting her health and that she should avoid "high temperatures" as a working condition. In a memorandum bearing the same date of June 28, 1976 the doctor emphasized his advice to claimant to avoid "heat conditions". The board has overruled the determination of the local office and a referee that the claimant was justified in refusing to operate the machine and has found that she is disqualified from benefits because her refusal was misconduct. The board in its decision rejected the claimant's contention that the copy room was "intolerably hot" and found that her job duties did not "adversely" affect her health. However, the sole probative evidence in this record is that the job activities were adversely affecting her general health and in particular that she should avoid high temperatures. While the board could reject any contention that the copy room was "intolerably hot", all of the evidence in this record establishes that it was much warmer therein than in any other area of claimant's working environment. Upon the present record it cannot be said that there is substantial evidence that the claimant's refusal to operate the Bruning machine was without any justification or that the employer's request was reasonable in view of her known health problems. Since the decision appealed from must be reversed, it is unnecessary to consider the contention of the claimant that she was denied due process by the board as to certain evidentiary matters and a procedural dispute between the appeal board and her counsel at a hearing directed by the board upon *its* own motion. Decision reversed, on the law, with costs to claimant against the employer, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Kane, Mikoll and Herlihy, JJ., concur.