Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.

■ In the Matter of the Claim of HARRY DE LA CONCHA, Appellant. FORDHAM UNIVERSITY, Respondent; COMMISSIONER OF LABOR, Respondent. [705 NYS2d 736] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 9, 1998, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed by Fordham University as a locksmith. On October 3, 1995, as the result of student allegations that he engaged in inappropriate behavior he was suspended for three days, placed on final warning status, and entered into a last-chance agreement providing that any further violation of university rules or policies would result in his termination. On October 31, 1995, while attending a grievance meeting in his capacity as shop steward, he was involved in an incident with the personnel director. Thereafter, claimant filed a claim for workers' compensation benefits and a criminal complaint alleging that the university's personnel director had assaulted and injured him during the grievance meeting.

The workers' compensation claim was denied and the criminal allegations were determined to be unfounded, following which claimant was discharged from his employment for, among other things, disrupting the grievance meeting, filing a false police report and filing a false workers' compensation claim. The Unemployment Insurance Appeal Board ruled that claimant's behavior at the grievance meeting and his subsequent unjustified retaliation against the university and personnel director constituted disqualifying misconduct. Claimant appeals.

The record reveals that during the course of the grievance meeting, which was attended by several individuals, claimant objected to the personnel director's request that the co-worker take a polygraph test regarding a possible signature forgery on his time sheet. An argument ensued between the personnel

director and claimant. When the personnel director ordered claimant to leave the meeting and claimant refused, the personnel director physically escorted claimant out of the meeting.

Inasmuch as claimant engaged in insubordinate, disruptive and argumentative behavior toward the personnel director despite his knowledge that such conduct would result in his discharge under the last-chance agreement, we find that substantial evidence supports the Board's decision that claimant's behavior rose to the level of disqualifying misconduct (*see, Matter of Marquez [New York City Dept. of Personnel—Commissioner of Labor]*, 263 AD2d 926; *Matter of Schembri [Commissioner of Labor]*, 252 AD2d 717; *Matter of Kilgore [Triboro Coach Corp.—Sweeney]*, 227 AD2d 710), notwithstanding that the personnel director may have also acted inappropriately (*see, Matter of White [Commissioner of Labor]*, 268 AD2d 643). Moreover, although claimant alleges that his workers' compensation claim and criminal complaint were valid, this merely presented a credibility issue which the Board was free to resolve against him (*see, Matter of Tietze [Hudacs]*, 193 AD2d 1000). Finally, the Board did not err in reversing the Administrative Law Judge's decision in claimant's favor based upon its contrary resolution of credibility issues (*see, Matter of Sheehan [Commissioner of Labor]*, 268 AD2d 856).

We have considered claimant's remaining contentions and find them to be unpersuasive.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.