In the Matter of the Claim of MICHELLE A. PIERVENCENTI, Appellant. CREST/GOOD MANUFACTURING COMPANY, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [834 NYS2d 404]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for Crest/Good Manufacturing Company, Inc. as a sales representative. After her employment was terminated, she applied for unemployment insurance benefits and the Department of Labor issued an initial determination finding her eligible for such benefits. Crest/Good objected and requested a hearing, contending that claimant was dismissed because of misconduct. Following a hearing, the Administrative Law Judge overruled the initial determination and found claimant to be disqualified from receiving benefits. The Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision. Claimant appeals.

We affirm. "Whether a claimant is guilty of disqualifying misconduct, within the meaning of the Labor Law, presents a

factual issue for resolution by the Board and its decision, so long as it is supported by substantial evidence, will not be disturbed" (*Matter of Pitts [Reeb Millwork Corp. of N.Y—Commissioner of Labor]*, 309 AD2d 1121, 1121 [2003] [citation omitted]; *see Matter of Law [Software Workshop, Inc.—Commissioner of Labor]*, 20 AD3d 847, 848 [2005]. Furthermore, "[i]t is well settled that an employee's insubordinate and disrespectful behavior toward a supervisor may constitute disqualifying misconduct" (*Matter of Montanye [Commissioner of Labor]*, 10 AD3d 830, 831 [2004]). Here, the testimony of claimant's supervisor established that claimant was late for work on multiple occasions and had to be reprimanded for several acts of unprofessional and/or insubordinate behavior prior to the conversation that resulted in her discharge (*see Matter of Terry [Commissioner of Labor]*, 23 AD3d 727, 728 [2005]; *Matter of Sona [Commissioner of Labor]*, 13 AD3d 799, 800 [2004]). To the extent that claimant's testimony differed from that of her supervisor, it created a credibility issue for the Board to resolve (*see Matter of Lambert [Commissioner of Labor]*, 34 AD3d 948 [2006]; *Matter of Kretchmer [Commissioner of Labor]*, 8 AD3d 849, 850 [2004]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.