▮ In the Matter of the Claim of JAIME SEGARRA, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 677]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a telephone operator at a luxury hotel. Following an incident in which he failed to properly record a guest's request for a wake-up call, claimant was presented with a final warning and last chance agreement. When his supervisor met with him to discuss it, he became angry, threw the documents on the desk and made inappropriate comments. The supervisor then scheduled another meeting to include the human resources director. At this meeting, claimant again became angry, failed to listen to his superiors and acted in a disrespectful manner toward them. As a result, he was terminated from his employment.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was disqualified from receiving unemployment insurance benefits because he was discharged for misconduct. "[A]n employee's insubordinate and disrespectful behavior toward a supervisor may constitute disqualifying misconduct" (*Matter of Montanye [Commissioner of Labor]*, 10 AD3d 830, 831 [2004]; *see Matter of Naylor [Commissioner of Labor]*, 24 AD3d 1154, 1155 [2005]). Here, the employer's representatives testified to claimant's inappropriate and discourteous behavior during the meetings.

Claimant's contrary testimony presented a credibility issue for the Board to resolve (*see Matter of Piervencenti [Crest/Good Mfg. Co., Inc.—Commissioner of Labor]*, 39 AD3d 1108, 1109 [2007]). Therefore, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.