■ In the Matter of the Claim of Robert J. Musac, Appellant. Commissioner of Labor, Respondent. [857 NYS2d 301]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision ruling that claimant, a jeweler, was discharged from his employment due to disqualifying misconduct—namely, being disruptive and insubordinate in the workplace. The employer testified that while discussing with claimant his failure to accommodate a customer who had been admitted to the store after hours, claimant "went crazy" on her, yelling, screaming and chasing her around the store. According to the employer, claimant raised his voice to her approximately one week before this incident, whereupon she warned claimant that any further incidents would result in his discharge. Although claimant denied receiving this warning, this presented a credibility issue for the Board to resolve (*see Matter of Reyna-Bautista [Commissioner of Labor]*, 45 AD3d 1102, 1103 [2007]). In any event, claimant conceded that he raised his voice to the employer on the day he was fired and characterized their discussion as "an argument." Disruptive, rude or insubordinate behavior has been held to constitute disqualifying misconduct (*see Matter of Segarra [Commissioner of Labor]*, 45 AD3d 1146 [2007]; *Matter of Mulea [Commissioner of Labor]*, 23 AD3d 753, 754 [2005]), particularly where, as here, a claimant has been warned regarding similar behavior in the past (*see Matter of Cameron [Commissioner of Labor]*, 15 AD3d 722 [2005]; *Matter of Williams [Sweeney]*, 240 AD2d 837 [1997]). Contrary to claimant's contention, the fact that the employer may have acted in a discourteous manner is of no moment (*see Matter of De La Concha [Fordham Univ.—Commis-*

*sioner of Labor]*, 271 AD2d 851, 852 [2000], *lv denied* 95 NY2d 765 [2000]).

Finally, claimant acknowledged that he was "fired" but nonetheless indicated when he applied for unemployment insurance benefits that he lost his employment due to "lack of work." Under such circumstances, we find no basis upon which to disturb the Board's finding that claimant made a willful false statement to obtain unemployment insurance benefits (*see Matter of Attara [Permis Constr. Corp.—Commissioner of Labor]*, 257 AD2d 936, 937 [1999]). Claimant's remaining contentions, including his assertion that he had a valid contract of employment, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Carpinello, Lahtinen and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.