■ In the Matter of the Claim of KRISTINE E. RILEY, Appellant. COMMISSIONER OF LABOR, Respondent. [858 NYS2d 465]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 9, 2007, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a typist for the employer, a school district, for approximately one year until she accepted a stipulation of resignation rather than face disciplinary charges. The charges alleged, among other things, that claimant behaved inappropriately during an incident in which a student, who was related to claimant, became ill and collapsed in the main office. Claimant allegedly had to be removed from the office because she became unruly and impeded the school nurse's ability to evaluate the student's condition. Following various proceedings, claimant's application for unemployment insurance benefits was ultimately denied by the Unemployment Insurance Appeal Board on the basis that she lost her employment as a result of disqualifying misconduct. Claimant now appeals.

A claimant who resigns in lieu of facing disciplinary charges may nonetheless qualify for unemployment insurance benefits as long as his or her actions did not amount to misconduct (*see Matter of LaRocca [New York City Dept. of Transp.—Roberts]*, 59 NY2d 683, 685 [1983]; *Matter of Jimenez [New York County Dist. Attorney's Off.—Commissioner of Labor]*, 20 AD3d 843, 843-844 [2005]). Here, the record establishes that after the student collapsed, claimant screamed at and argued with a coworker and disregarded the nurse's direction to move away from the student, which prompted the nurse to request that claimant be removed from the scene. Claimant's differing account of the situation presented a credibility issue for the Board to resolve (*see Matter of Segarra [Commissioner of Labor]*, 45 AD3d 1146, 1147 [2007]). Inasmuch as an employee's argumentative or disruptive behavior may constitute misconduct, especially where, as here, the employee previously had been warned about similar behavior, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct (*see Matter of Mercurio [Commissioner of Labor]*, 301 AD2d 939, 940 [2003]; *Matter of Romano [Commissioner of Labor]*, 291 AD2d 776 [2002]). Claimant's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Peters, Rose, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.