■ In the Matter of the Claim of IVELINE AUGUSTE, Appellant. COMMISSIONER OF LABOR, Respondent. [878 NYS2d 470]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 11, 2008, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Substantial evidence supports the Unemployment Insurance Appeal Board's finding that claimant, a customer service supervisor, was discharged from her employment due to misconduct. "Disruptive, rude or insubordinate behavior has been held to constitute disqualifying misconduct" (*Matter of Musac [Commissioner of Labor]*, 50 AD3d 1428, 1428 [2008] [citations omitted]; *see Matter of Agran [Commissioner of Labor]*, 54 AD3d 479, 480 [2008]; *Matter of Haungs [Commissioner of Labor]*, 51 AD3d 1352 [2008])—particularly where, as here, a claimant previously has been counseled regarding similar behavior (*see Matter of Riley [Commissioner of Labor]*, 51 AD3d 1307, 1308 [2008]). The record reflects that claimant was discharged for the defiant and disrespectful demeanor she displayed toward the employer's director of human resources during the course of a meeting called to address a heated argument that she had engaged in with a fellow supervisor. The testimony offered by the employer's representatives is sufficient to sustain the Board's finding that claimant engaged in

disqualifying misconduct. To the extent that claimant disputes the employer's version of the incident leading to her discharge, this presented a credibility issue for the Board to resolve (*see Matter of Terry [Commissioner of Labor]*, 23 AD3d 727 [2005]).

Mercure, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.