In the Matter of the Claim of MYRLANDE VOLMAR, Appellant. UPR CARE CORPORATION, Doing Business as COLD SPRING HILLS, Respondent. COMMISSIONER OF LABOR, Respondent. [884 NYS2d 188]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 7, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a certified nursing assistant in a nursing home for approximately five years. In December 2006, her supervisor, the director of nursing, observed claimant shouting at an agitated, wheelchair-bound dementia patient in the facility's dining room. Attempting to calm the patient, the supervisor asked claimant to leave the area. Claimant refused and continued yelling until another employee convinced her to walk away. Moreover, claimant remained in the vicinity until her supervisor had stabilized the patient, then began screaming at her supervisor. Following an investigation, claimant was discharged from her position for failing to follow the direction of a supervisor and placing a resident at risk. She applied for unemployment insurance benefits, but the Unemployment Insurance Appeal Board disqualified her from receiving them on the basis that her employment was terminated due to misconduct. Claimant appeals.

We affirm. Failure to follow an employer's reasonable instructions is insubordinate behavior constituting disqualifying misconduct (*Matter of Melendez [American Specialties, Inc.—Commissioner of Labor]*, 43 AD3d 1242, 1243 [2007]). Here, claimant refused to walk away from the patient despite an instruction to do so and instead engaged in a shouting match with her, thereby exacerbating the situation and jeopardizing the patient's safety. In our view, the foregoing constitutes substantial evidence supporting the Board's determination that claimant was terminated for insubordination and we decline to disturb it (*see Matter of Coon [Commissioner of Labor]*, 43 AD3d 1225, 1226 [2007]). Claimant denied the allegations levied against her, but her testimony created a credibility issue for the Board to resolve (*see Matter of Piervencenti [Crest/Good Mfg. Co., Inc.—Commissioner of Labor]*, 39 AD3d 1108, 1109 [2007]).

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.