■ In the Matter of the Claim of SOFYA SIMKHAYEVA, Appellant. TOURO COLLEGE, Respondent; COMMISSIONER OF LABOR, Respondent. [885 NYS2d 546]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 18, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Claimant was employed for 7½ years as a human resource assistant with the employer when she was discharged for refusing to perform an unemployment reconciliation. Following hearings, an Administrative Law Judge ruled that claimant's refusal to perform the reconciliation was without good cause and denied her application for unemployment benefits because she lost her employment due to disqualifying misconduct. The Unemployment Insurance Appeal Board upheld the determination and claimant now appeals.

Substantial evidence supports the decision of the Board that claimant's employment was terminated due to disqualifying misconduct. "An employee's failure to comply with an employer's reasonable request may constitute insubordination rising to the level of disqualifying misconduct" (*Matter of Guagliardo [Commissioner of Labor]*, 27 AD3d 866, 867 [2006] [citations omitted]; *accord Matter of Box [Commissioner of Labor]*, 50 AD3d 1431, 1432 [2008]). Here, testimony by two of the employer's representatives that claimant refused to perform the work, along with a memorandum from a third stating that claimant had told her of the refusal, was sufficient to sustain the Board's determination (*see Matter of Auguste [Commissioner of Labor]*, 61 AD3d 1242, 1242-1243 [2009]). The fact that claimant denied such conduct presented a credibility issue to be resolved by the Board (*see id.* at 1243; *Matter of Rey-Calderon [Commissioner of Labor]*, 60 AD3d 1124, 1125 [2009]).

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.