■ In the Matter of the Claim of ELLEN L. HEPPEHAMER, Appellant. COMMISSIONER OF LABOR, Respondent. [890 NYS2d 153]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 2008, which, upon reconsideration, ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Whether a claimant has lost employment through disqualifying misconduct is a factual determination to be made by the Unemployment Insurance Appeal Board and its decision will not be disturbed if supported by substantial evidence (*see Matter of Rey-Calderon [Commissioner of Labor]*, 60 AD3d 1124, 1124 [2009]; *Matter of Piervencenti [Crest/Good Mfg. Co., Inc.— Commissioner of Labor]*, 39 AD3d 1108, 1108-1109 [2007]). Rude, disruptive or insubordinate behavior has been held to be disqualifying conduct, particularly where, as here, a claimant has been previously warned about such behavior (*see Matter of Auguste [Commissioner of Labor]*, 61 AD3d 1242, 1242-1243 [2009]; *Matter of Musac [Commissioner of Labor]*, 50 AD3d 1428, 1428 [2008]). Claimant was discharged after a coworker complained that claimant made derogatory comments toward her, which included the use of profanity; claimant also expressed that the coworker was not needed in the area and should do less desirable work, remarking on the disparity in their salaries. The record further reflects that claimant had been suspended for creating a hostile work environment in the past and had been afforded a "last chance agreement" pursuant to which claimant acknowledged that, if she repeated such behavior, her employment would be terminated. As such, the Board's finding that claimant engaged in disqualifying behavior was supported by substantial evidence. The fact that claimant denied having made the statements to her coworker raised an issue of credibility for the Board to resolve (*see Matter of Auguste [Commissioner of Labor]*, 61 AD3d at 1243; *Matter of Musac [Commissioner of Labor]*, 50 AD3d at 1428).

Spain, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.