■ In the Matter of ROBERTA L. HOFFMAN, Appellant. FEDERATED RETAIL HOLDINGS, Respondent; COMMISSIONER OF LABOR, Respondent. [891 NYS2d 203]—

Claimant worked at a department store as the manager of the cosmetics counter. She got into a disagreement with her supervisor when she was told that she would have to work three consecutive evenings. During the discussion, which took place in a public area, claimant used profanity and refused to work the scheduled hours. Claimant's employment was terminated as a result. The Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits on the ground that her employment was terminated due to misconduct and the Board adhered to this decision upon reconsideration. Claimant appeals.

We affirm. Insubordinate and disrespectful behavior toward a supervisor has been held to constitute disqualifying misconduct precluding a claimant from receiving unemployment insurance benefits (*see Matter of Segarra [Commissioner of Labor]*, 45 AD3d 1146, 1147 [2007]; *Matter of Piervencenti [Crest/Good Mfg. Co.—Commissioner of Labor]*, 39 AD3d 1108, 1109 [2007]). Here, the employer's witnesses testified that claimant engaged in an angry exchange with her supervisor in a public area and, while using profanity, refused to work the hours requested. Although claimant denied using profanity, this presented a credibility issue for the Board to resolve (*see Matter of Piervencenti [Crest/Good Mfg. Co.—Commissioner of Labor]*, 39 AD3d at 1109). In any event, claimant admitted to making an inappropriate comment when speaking to her supervisor. In view of this, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct.

Peters, J.P., Rose, Kane, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.