■ In the Matter of the Claim of JACQUELINE M. TEIXEIRA, Appellant. COMMISSIONER OF LABOR, Respondent. [895 NYS2d 544]—

Claimant worked as a unit secretary at an outpatient dialysis facility. In December 2007, while claimant was being counseled for defacing a patient's treatment sheet, she became disruptive and began yelling at her supervisor. Claimant was subsequently discharged and the Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits on the ground that her employment was terminated due to misconduct. Claimant now appeals.

We affirm. "It is well settled that an employee's insubordinate and disrespectful behavior toward a supervisor may constitute disqualifying misconduct" (*Matter of Montanye [Commissioner of Labor]*, 10 AD3d 830, 831 [2004] [citations omitted]; *accord Matter of Segarra [Commissioner of Labor]*, 45 AD3d 1146, 1146 [2007]). Here, claimant's supervisor, her union representative and an assistant manager were all present at the counseling and testified that claimant became agitated, stood up and began yelling and gesturing at her supervisor before abruptly leaving the office. In our view, the foregoing constitutes substantial evidence supporting the Board's determination that claimant was terminated for misconduct (*see Matter of Musac [Commissioner of Labor]*, 50 AD3d 1428, 1428 [2008]; *Matter of Segarra [Commissioner of Labor]*, 45 AD3d at 1146). To the extent that claimant's testimony concerning her behavior differed from that of the other witnesses, a credibility determination was created for the Board to resolve (*see Matter of Auguste [Commissioner of Labor]*, 61 AD3d 1242, 1243 [2009]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.