■ In the Matter of the Claim of RYAN P. IRONS, Respondent. TLC WEST, LLC, Appellant; COMMISSIONER OF LABOR, Respondent. [915 NYS2d 651]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 13, 2009, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as the manager of a chain restaurant. He had a disagreement with the regional director over the reduction of employees' hours and purportedly made derogatory comments to the director. Claimant was terminated as a result. He was initially disqualified from receiving unemployment insurance benefits on the ground that his employment was terminated due to misconduct. An administrative law judge upheld this determination, but it was subsequently reversed by the Unemployment Insurance Appeal Board, which ruled that claimant was entitled to receive benefits. The employer appeals.

Initially, we note that "[i]nsubordinate and/or disrespectful

conduct toward a supervisor has been found to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits" (*Matter of Setzer [Commissioner of Labor]*, 69 AD3d 1087, 1087 [2010]; *see Matter of Teixeira [Commissioner of Labor]*, 69 AD3d 1285, 1285 [2010]). However, "not every discharge for cause rises to the level of misconduct for unemployment insurance purposes" (*Matter of Reilly [Transitional Servs. for N.Y., Inc.—Commissioner of Labor]*, 76 AD3d 738, 739 [2010]). Notably, whether a claimant's behavior has risen to the level of disqualifying misconduct is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence (*see Matter of Heppehamer [Commissioner of Labor]*, 67 AD3d 1283 [2009]; *Matter of Hilton [Commissioner of Labor]*, 67 AD3d 1220, 1220 [2009]). Here, claimant and the regional director had engaged in a heated discussion during which claimant objected to the employer's decision to reduce staff hours. The Board concluded that even if claimant had—as alleged by the employer's witnesses—told the director that he did not know how to do his job and that he was an idiot, such conduct did not amount to disqualifying conduct.* In light of the context of their discussion, the Board's conclusion that claimant did not engage in disqualifying misconduct is supported by substantial evidence and we find no reason to disturb its decision.

Mercure, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant denied making these statements.