■ In the Matter of the Claim of GLORIA BROWN, Respondent. LINCOLN CENTER FOR THE PERFORMING ARTS, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [920 NYS2d 845]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 29, 2010, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked for over nine years as a security guard at a performing arts center. She had a history of disciplinary violations. In May 2008, following an incident in which she left her post without authorization, claimant entered into a last chance agreement providing that her employment would be terminated if she committed further disciplinary infractions. In December 2009, claimant met with representatives of the employer to discuss certain policy violations, including her failure to dress in the appropriate manner and to remain attentive at her post. Claimant became loud and disruptive during the meeting, engaged in a heated verbal exchange with her supervisor and the meeting was prematurely ended as a result. Another meeting was scheduled for early January 2010 to decide the fate of claimant's employment. Claimant's union representative was present at the meeting. Claimant's employment was terminated soon thereafter and she was initially denied unemployment insurance benefits. Following a hearing, an Administrative Law Judge concluded that claimant was terminated for misconduct and upheld the initial determination. The Unemployment Insurance Appeal Board, however, overruled this decision and

awarded claimant benefits upon finding that the employer had not enforced the last chance agreement by allowing claimant to commit other disciplinary infractions without consequence prior to the December 2009 meeting. The employer now appeals.

Initially, we note that insubordinate behavior and/or disrespectful conduct toward a supervisor has been held to constitute misconduct disqualifying a claimant from receiving unemployment insurance benefits (*see Matter of Setzer [Commissioner of Labor]*, 69 AD3d 1087, 1087 [2010]; *Matter of Parker [Commissioner of Labor]*, 67 AD3d 1235, 1236 [2009]). The record here contains ample evidence that claimant became loud, boisterous and disrespectful toward her supervisor during the December 2009 meeting. This clearly amounted to insubordination violative of the last chance agreement and was the equivalent of disqualifying misconduct (*see Matter of Teixeira [Commissioner of Labor]*, 69 AD3d 1285, 1285 [2010]; *Matter of Auguste [Commissioner of Labor]*, 61 AD3d 1242, 1242-1243 [2009]). Contrary to the Board's finding, the record is devoid of evidence establishing that the employer neglected to enforce the last chance agreement with respect to disciplinary infractions committed by claimant prior to the December 2009 meeting and that claimant was somehow misled thereby. While the employer's director of human resources testified that claimant committed some minor violations, the nature and extent of them were not disclosed. In any event, it was the employer's prerogative to determine if they rose to the level of misconduct warranting termination and the director stated that they did not. In view of the foregoing, we find that substantial evidence does not support the Board's decision awarding claimant benefits.

Peters, J.P., Rose, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.