◼ In the Matter of the Claim of GEORGE MORAR, Appellant. JSB PROPERTIES, LLC, Respondent; COMMISSIONER OF LABOR, Respondent. [927 NYS2d 478]—

From June 2006 until April 2009, claimant worked for a realty management company as a porter in a residential apartment building. Claimant refused his supervisor's request to mop up a spill on the third floor of the building which was part of his duties. He proceeded to engage in a loud verbal exchange with the supervisor, which resulted in the supervisor cleaning up the spill. Claimant, who had received previous warnings for unsatisfactory conduct, was terminated as a result. The Unemployment Insurance Appeal Board ruled that he was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. Claimant appeals.

We affirm. It is well settled that a claimant's insubordinate and/or disrespectful behavior toward a supervisor may constitute disqualifying misconduct (*see Matter of Setzer [Commissioner of Labor]*, 69 AD3d 1087, 1087 [2010]; *Matter of Montanye [Commissioner of Labor]*, 10 AD3d 830 [2004]), particularly where the claimant has received prior warnings about similar behavior (*see Matter of Musac [Commissioner of Labor]*, 50 AD3d 1428, 1428 [2008]). Here, both claimant's supervisor and a handyman who was present during the exchange stated that

claimant refused the supervisor's request to clean up the spill and became loud and disruptive while tenants were present. Notably, claimant had received prior written warnings about similar behavior. Although claimant denied being asked to clean up the spill and claimed that his supervisor initiated the argument and was giving him a "hard time" about his work, this presented a credibility issue for the Board to resolve (*see Matter of Rey-Calderon [Commissioner of Labor]*, 60 AD3d 1124, 1125 [2009]; *Matter of Haungs [Commissioner of Labor]*, 51 AD3d 1352 [2008]). Given that the record contains substantial evidence supporting the Board's decision, we find no reason to disturb it.

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.