■ In the Matter of the Claim OF TSILYA ZAYDMAN, Appellant. ROMAN ROYTBERG, INC., P.C., Respondent; Commissioner of Labor, Respondent. [929 NYS2d 345]—

Claimant worked as a receptionist in the employer's dental office for approximately 3½ months. She was discharged from her position when the employer's business advisor discovered that she had removed $500 in petty cash from the office without permission. She was initially denied unemployment insurance benefits but, following a hearing, an administrative law judge later determined that she was entitled to receive benefits. The Unemployment Insurance Appeal Board, however, reversed this decision and concluded that claimant was disqualified from

receiving benefits because she was terminated for misconduct. Claimant appeals.

We affirm. An employee's apparent dishonesty, including the theft of property, has been held to constitute misconduct disqualifying him or her from receiving unemployment insurance benefits (*see Matter of Johnson [Commissioner of Labor]*, 83 AD3d 1314, 1314-1315 [2011]; *Matter of Lumbrazo [Environmental Remediation Servs., Inc.—Commissioner of Labor]*, 79 AD3d 1500, 1500 [2010]). Here, substantial evidence, consisting of testimony of the employer's witnesses, including two patients who had appointments and were present at the time the business advisor confronted claimant about the missing cash, supports the Board's finding that claimant engaged in disqualifying misconduct by taking money from the employer without authorization. Claimant's denial of any wrongdoing and claim that she was terminated because she had knowledge of alleged improper conduct by the employer presented a credibility issue for the Board to resolve (*see Matter of Andreani [HPP Rinx, Inc.—Commissioner of Labor]*, 44 AD3d 1210, 1211 [2007]). The fact that the Board reached a different conclusion than the administrative law judge does not compel a contrary result as the Board is the ultimate arbiter of factual issues and credibility (*see Matter of Park [Stanford New York, LLC—Commissioner of Labor]*, 70 AD3d 1097, 1098 [2010]; *Matter of Horsford [Commissioner of Labor]*, 64 AD3d 1062, 1063 [2009]). Therefore, we find no reason to disturb the Board's decision.

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.