In the Matter of the Claim of ALEASHA S. BARTON, Appellant. COMMISSIONER OF LABOR, Respondent. [937 NYS2d 719]—

We affirm. The dishonesty of an employee has been held to constitute misconduct disqualifying him or her from receiving unemployment insurance benefits, particularly where the employment at issue requires a high standard of honesty and integrity (*see Matter of Zaydman [Roman Roytberg, Inc., P.C.—Commissioner of Labor]*, 87 AD3d 1192, 1193 [2011]; *Matter of Singleton [Commissioner of Labor]*, 60 AD3d 1230, 1231 [2009]). Here, substantial evidence supports the Board's determination that, after being instructed not to discuss the investigation with anyone, claimant indeed discussed it with her fellow employees and then was dishonest with investigators when questioned about whether she had done so. Claimant's assertions that she did not understand that she was not to speak with other officers and that she eventually admitted that she had spoken with them raised credibility questions for the Board to resolve (*see Matter of Zaydman [Roman Roytberg, Inc., P.C.—Commissioner of Labor]*, 87 AD3d at 1193; *Matter of Morar [JSB Props., LLC—Commissioner of Labor]*, 86 AD3d 887, 888 [2011]).

Peters, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.