In the Matter of the Claim of CINDY L. LEWIS, Respondent. COUNTY OF LIVINGSTON, Appellant; COMMISSIONER OF LABOR, Respondent. [937 NYS2d 736]—

We affirm. Whether an employee's failure to work the required hours rises to the level of disqualifying misconduct is a factual issue for the Board to resolve and its determination will not be disturbed when supported by substantial evidence (see Matter of Buyukcekmece [Abigail Kirsch at Tappan—Commissioner of Labor], 82 AD3d 1400, 1400 [2011]; Matter of Anumah [Commissioner of Labor], 60 AD3d 1216, 1217 [2009], lv denied 13 NY3d 706 [2009]). Here, claimant's orthopedic doctor issued notes that indicated that claimant was medically restricted with

regard to the amount of overtime she could work during the relevant period, and the record demonstrates that the employer had been notified of those restrictions. Inasmuch as it has been held that the loss of employment attributable to substantiated health problems will not constitute disqualifying misconduct, we decline to disturb the Board's decision (*see Matter of Buyukcekmece [Abigail Kirsch at Tappan—Commissioner of Labor]*, 82 AD3d at 1400; *Matter of Sunderland [Nassau County Med. Ctr.—Roberts]*, 121 AD2d 779, 780 [1986]; *Matter of Curato [Ross]*, 70 AD2d 719, 720 [1979]). We examined the employer's remaining contentions and found them to be unpersuasive.

Mercure, A.P.J., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.