■ In the Matter of the Claim of RENEE L. SAMUELS, Respondent. ESTHER RUBIN, Appellant; COMMISSIONER OF LABOR, Respondent. [944 NYS2d 794]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 30, 2010, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked in a dental office as a receptionist/assistant for a little over four months. She performed a variety of duties, including answering the telephone, processing insurance forms, sterilizing equipment and performing light cleaning. The employer was dissatisfied with many aspects of claimant's work and, upon observing that the floor in one of the treatment rooms was dirty, asked claimant to clean it. Claimant responded that she had already mopped it and added that she would not get down on her hands and knees to clean it because she had a bad back. The employer, in turn, terminated claimant's employment and instructed her to turn over her keys. Claimant's initial application for unemployment insurance benefits was denied on the ground that she was terminated for misconduct, and this determination was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, reversed this decision, ruled that claimant did not engage in disqualifying misconduct and awarded her benefits. The employer now appeals.

Initially, whether a claimant has engaged in disqualifying misconduct is a factual issue for the Board to resolve and its decision will not be disturbed if supported by substantial evidence (*see Matter of Lewis [County of Livingston—Commissioner of Labor]*, 92 AD3d 1052, 1052 [2012]; *Matter of Irons [TLC W., LLC—Commissioner of Labor]*, 79 AD3d 1511, 1512 [2010]). Notably, not all actions providing cause for discharge rise to the level of misconduct (*see Matter of Irons [TLC W., LLC—Commissioner of Labor]*, 79 AD3d at 1512). Here, the employer maintained that claimant was insubordinate by refusing to clean the floor after being instructed to do so and that she used

profane language in replying to the employer's request. Claimant denied using profane language and stated that she would have mopped the floor again if the employer had asked her to do so. The conflicting version of the incident given by claimant and the employer presented a credibility issue for resolution by the Board, which was not bound by the findings of the Administrative Law Judge in this regard (*see Matter of Zaydman [Roman Roytberg, Inc., P.C.—Commissioner of Labor]*, 87 AD3d 1192, 1193 [2011]; *Matter of Jimenez [Knickerbocker Club, Inc.— Commissioner of Labor]*, 81 AD3d 1018, 1019 [2011]). Inasmuch as the Board could reasonably conclude that the employer terminated claimant because of dissatisfaction with her work performance, and not any misconduct, substantial evidence supports its decision and we decline to disturb it.

Peters, P.J., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.