■ In the Matter of the Claim of JUAN AGUASVIVAS, Appellant. COMMISSIONER OF LABOR, Respondent. [949 NYS2d 813]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 4, 2011, as amended by a decision filed December 6, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, who was employed as a meat clerk for a wholesale retail store, was terminated from his employment when he, after receiving warnings, nonetheless failed to follow his employer's specific instruction that he not wear earrings while working in the meat department. The Unemployment Insurance Appeal Board thereafter denied his claim for benefits on the ground that he lost his employment through disqualifying misconduct, prompting this appeal.

We affirm. A knowing violation of an employer's established policy or reasonable request may constitute disqualifying misconduct, particularly where, as here, the claimant has received prior warnings about similar behavior (*see Matter of Washington [Commissioner of Labor]*, 84 AD3d 1603, 1604 [2011]; *Matter of Smith [Rochester Inst. of Tech.—Commissioner of Labor]*, 68 AD3d 1431, 1431 [2009]). Here, despite receiving and signing a final warning notice stating that wearing earrings was prohibited for, among other things, reasons of sanitation, claimant's superior thereafter saw him wearing oversized earrings at work in violation of that warning. Although claimant testified that a different supervisor previously gave him permission to wear earrings, this created a credibility issue for resolution by the Board (*see Matter of Morar [JSB Props., LLC—Commissioner of Labor]*, 86 AD3d 887, 888 [2011]). "Inasmuch as the employer's request was reasonable and claimant did not demonstrate a compelling reason for refusing to comply, we discern no basis for disturbing the Board's determination" (*Mat-*

*ter of Smith [Rochester Inst. of Tech.—Commissioner of Labor]*, 68 AD3d at 1432 [citations omitted]).

Peters, P.J., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.