■ In the Matter of the Claim of GAJRAJ DIT, Appellant. COMMISSIONER OF LABOR, Respondent. [950 NYS2d 830]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 2011, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a ramp service clerk at an airport, was discharged from his employment after a surveillance videotape allegedly showed him taking the employer's property without permission. The Unemployment Insurance Appeal Board thereafter denied his claim for unemployment insurance benefits on the ground that he lost his employment through misconduct. The Board also found claimant subject to a recoverable overpayment of benefits. This appeal ensued.

We affirm. "An employee's apparent dishonesty, including the theft of property, has been held to constitute misconduct disqualifying him or her from receiving unemployment insurance benefits" (*Matter of Zaydman [Roman Roytberg, Inc., P.C.—Commissioner of Labor]*, 87 AD3d 1192, 1193, [2011] [citations omitted]; *see Matter of Barton [Commissioner of Labor]*, 92 AD3d 1011 [2012]). Here, substantial evidence, consisting of, among other things, the testimony of the employer's witness identifying claimant as the individual shown on the surveillance footage, supports the Board's finding that claimant engaged in disqualifying misconduct. Although claimant testified that he did not take the property and was not the person seen on the videotape, this created a credibility issue for resolution by the Board (*see Matter of Morar [JSB Props., LLC—Commissioner of Labor]*, 86 AD3d 887, 888 [2011]). Moreover, inasmuch as claimant falsely represented in his application for benefits that he was separated from his employment because of a "lack of work," "substantial evidence also supports the Board's finding that he made a willful misrepresentation to obtain benefits" (*Matter of Tanvir [New York City Health & Hosps. Corp.—Commissioner of Labor]*, 87 AD3d 773, 774 [2011]).

Peters, P.J., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.