Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 2011, which, among other things, ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as a delivery driver for an auto parts store. When he made deliveries, customers either paid him in cash or their purchases were billed to their accounts. For customers who paid in cash, claimant was responsible for turning over to the employer the invoices and cash payments. On one occasion, claimant was not able to turn over an invoice with the corresponding cash payment because he had used a portion, of the payment to purchase gas. Although the employer provided the drivers with $20 per day for gas, claimant did not have sufficient gas in his vehicle to return to the employer’s premises and intended to reimburse the employer for the cash he used from the customer’s payment when he received his paycheck *986 later that day. The employer, however, terminated his employment.
Claimant applied for and received unemployment insurance benefits in the amount of $117. A hearing on his claim was subsequently conducted by an Administrative Law Judge who ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct, that he was liable for a recoverable overpayment in the amount of $117 because he made a willful misrepresentation to obtain benefits and that his right to receive future benefits should be reduced by eight effective days. The Unemployment Insurance Appeal Board, however, found that claimant did not engage in disqualifying misconduct and ruled that he was entitled to receive benefits, that he should not be charged with a recoverable overpayment and that his right to receive future benefits should be reduced by four effective days. The employer now appeals.
Whether a claimant has committed actions sufficient to disqualify him or her from receiving unemployment insurance benefits is a factual question for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Lewis [County of Livingston — Commissioner of Labor], 92 AD3d 1052, 1052 [2012]; Matter of Irons [TLC W., LLC — Commissioner of Labor], 79 AD3d 1511, 1512 [2010]). Notably, “not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct” (Matter of Bush [St. Luke’s Cornwall Hosp. — Commissioner of Labor], 60 AD3d 1179, 1180 [2009]). Under the circumstances presented here, substantial evidence supports the Board’s conclusion that claimant committed an error of judgment in using a portion of the cash payment to purchase gas and that his transgression did not rise to the level of disqualifying misconduct. While the employer’s representative stated that claimant indicated that he used the cash to pay a cable bill, this presented a credibility issue and the Board could choose to credit claimant’s testimony instead (see Matter of Solomon [Bremner Food Group — Commissioner of Labor], 78 AD3d 1415,1415-1416 [2010]). Furthermore, the Board was not bound by the contrary findings of the Administrative Law Judge (see Matter of Samuels [Rubin— Commissioner of Labor], 95 AD3d 1566, 1567 [2012]; Matter of Zaydman [Roman Roytberg, Inc., EC. — Commissioner of Labor], 87 AD3d 1192, 1193 [2011]). Therefore, we find no reason to disturb the Board’s decision, including its finding that claimant was not liable for a recoverable overpayment.
Mercure, J.E, Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.