■ In the Matter of the Claim of LORI A. SHAFER, Appellant. COMMISSIONER OF LABOR, Respondent. [967 NYS2d 521]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 16, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Whether a claimant was discharged from employment due to disqualifying misconduct is a factual determination for the Unemployment Insurance Appeal Board to decide and its decision will be upheld if supported by substantial evidence (*see Matter of Heppehamer [Commissioner of Labor]*, 67 AD3d 1283 [2009]). Insubordinate behavior, including rude, disrespectful and hostile conduct, has been held to be disqualifying misconduct, particularly where, as here, a claimant has received a warning from the employer to refrain from such behavior (*see Matter of Rivers [Federation Empl. & Guidance Serv.—Commissioner of Labor]*, 44 AD3d 1191, 1192 [2007]; *Matter of Hadjitheodoro [Comptroller of Pub. Accounts—Commissioner of Labor]*, 252 AD2d 709, 710 [1998]). Here, members of management testified that claimant continued to make hostile and disparaging comments against her supervisor and the employer, including referring to them as liars, immoral and dishonest, and that claimant was warned on numerous occasions to discontinue such conduct. The consistent testimony of management members provides substantial evidence to support the Board's conclusion that claimant's continued disrespectful behavior rose to the level of insubordination and disqualifying misconduct. Claimant's testimony denying such behavior created a credibility issue for the Board to resolve (*see Matter of Rivers [Federation Empl. & Guidance Serv.—Commissioner of Labor]*, 44 AD3d at 1192; *Matter of Monroe [Sagamore—Commissioner of Labor]*, 291 AD2d 774, 775 [2002]). Claimant's remaining contentions have been reviewed and found to be without merit.

Lahtinen, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.