■ In the Matter of the Claim of Christine M. Cappello, Respondent. ELRAC LLC, Appellant; Commissioner of Labor, Respondent. [978 NYS2d 466]—

From August 2007 until March 2011, claimant worked as a station manager for a car rental company at a major airport. On December 26, 2010, following an extensive snowstorm that disrupted public transportation, claimant's manager authorized her to rent a sports utility vehicle at a discounted rate so that she could drive to her home, but expected her to return the vehicle on December 30, 2010 when she reported to work. She returned the vehicle when she arrived at work on December 30, 2010, but when it became apparent that she did not have a ride

home, she had one of her employees extend the rental contract at the discounted rate. She later had another employee extend the contract for additional days at the discounted rate. Claimant returned the vehicle and ended the rental on January 14, 2011. As the result of an audit report prepared on January 17, 2011, the employer discovered that claimant had the rental contract extended at the discounted rate by having other employees perform the transactions on the computer. The employer investigated the incident and, upon concluding that claimant violated the employer's policy and committed theft, discharged her on March 4, 2011. Claimant was initially disqualified from receiving unemployment insurance benefits on the ground that she lost her employment through misconduct, and this decision was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board, however, reversed this decision and found that claimant was entitled to receive benefits. The employer now appeals.

The Board concluded that claimant did not lose her employment due to misconduct because the employer delayed in terminating her after learning of her actions and did not provide a reasonable excuse for the delay. We find, however, that this conclusion is not supported by the record. The employer became aware of claimant's inappropriate conduct on January 17, 2011 and immediately proceeded to conduct an investigation, obtaining a statement from one employee on January 21, 2011. Although claimant was apparently absent from work for a week in February 2011, the employer obtained a statement from her on February 23, 2011 as part of its continuing investigation. The employer discharged claimant less than two weeks later. Under the circumstances presented, we do not find that the employer engaged in an inordinate delay in terminating claimant such that it could not rely upon her misconduct as the reason for her discharge.

It is well settled that an employee's dishonesty or failure to comply with an employer's policy and procedures constitutes disqualifying misconduct (*see Matter of Jenkins [Commissioner of Labor]*, 109 AD3d 1073, 1073 [2013]; *Matter of Farnsworth [Ellis Hosp.—Commissioner of Labor]*, 108 AD3d 1008, 1009 [2013]). Here, the evidence is undisputed that claimant violated the employer's policy governing employee rentals by having other employees complete rental contracts for her at an unauthorized discounted rate. Given claimant's misconduct, substantial evidence does not support the Board's decision that she was entitled to receive benefits (*see Matter of Brown [Lincoln Ctr. for the Performing Arts, Inc.—Commissioner of Labor]*, 83 AD3d

1231, 1232 [2011]; *Matter of Takser [New York Compensation Ins. Rating Bd.—Commissioner of Labor]*, 63 AD3d 1478, 1480 [2009], *lv dismissed* 13 NY3d 810 [2009]). Therefore, its decision must be reversed.

Peters, P.J., Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.