Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 10, 2012, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant worked as an associate attorney for a law firm for four months. Prior to attending his first arbitration hearing, a partner gave claimant brief instructions on the manner in which to proceed, but did not advise him of what to do in the event of a settlement offer. At the arbitration hearing, claimant accepted a settlement offer without conferring with either a partner at the law firm or the client. Claimant was terminated as a result, and his application for unemployment insurance benefits was denied upon the ground that his employment ended due to misconduct. Following a hearing, an Administrative Law Judge overruled this decision, and the Unemployment Insurance Appeal Board affirmed. The employer now appeals.
We affirm. Whether a claimant’s actions rise to the level of disqualifying misconduct is a factual issue for the Board to resolve, and its determination in this regard will not be disturbed if supported by substantial evidence (see Matter of Saunders [Life Adj. Ctr., Inc.-Commissioner of Labor], 106 AD3d 1317, 1317 [2013]; Matter of Lewis [County of Livingston—Commissioner of Labor], 92 AD3d 1052, 1052 [2012]). Signifi *1129 cantly, “not every mistake, exercise of poor judgment or discharge for cause will rise to the level of misconduct” (Matter of Bush [St. Luke’s Cornwall Hosp.-Commissioner of Labor], 60 AD3d 1179, 1180 [2009]; accord Matter of Morris [Lenox Hill Neighborhood House Inc.—Commissioner of Labor], 110 AD3d 1333, 1334 [2013]). Here, evidence was presented at the hearing that the employer did not provide claimant with much training and that his settlement of the case without authorization was a mistake made by an inexperienced lawyer. In view of this, we find that substantial evidence supports the conclusion that claimant’s transgression was merely an exercise of poor judgment that did not rise to the level of misconduct (see Matter of Nangreave [United Health Servs. Hosps., Inc.-Commissioner of Labor], 107 AD3d 1211, 1212 [2013]; Matter of Garcia [BS & F Auto Parts, Inc.—Commissioner of Labor], 104 AD3d 985, 986 [2013]). Therefore, we decline to disturb the Board’s decision awarding claimant benefits.
Peters, EJ., Lahtinen, Rose and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.