Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 25, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant worked as an accounts receivable assistant for approximately 15 years. She was out of work on an authorized medical leave, but was cleared to return to work on July 26, 2011 without any restrictions other than that she was not to lift heavy objects for a period of two weeks. More than two weeks after she returned to work, she refused to do any filing. She claimed that, due to her surgery, she was unable to physically lift the heavy files and put them into the filing cabinet. The employer attempted to accommodate her by having the files moved closer to the filing cabinet and allowing her to separate the files, but she still refused to perform filing. Claimant was terminated as a result. Her application for unemployment insurance benefits was denied on the ground that she was terminated due to misconduct. Following a hearing, an Administrative Law Judge sustained the determination and the Unemployment Insurance Appeal Board affirmed. Claimant now appeals.
We affirm. “An employee’s failure to comply with an employer’s reasonable request may constitute insubordination rising to the level of disqualifying misconduct” (Matter of Guagliardo [Commissioner of Labor], 27 AD3d 866, 867 [2006] [citations omitted]; see Matter of Smith [Rochester Inst. of Tech. — Com *1326 missioner of Labor], 68 AD3d 1431, 1431 [2009]; Matter of Simkhayeva [Touro Coll. — Commissioner of Labor], 65 AD3d 1415, 1415 [2009]). Here, there is no dispute that claimant refused to perform filing which, according to the employer’s representatives, constituted a significant part of her job duties. Although she claimed that it was because of her physical limitations following surgery, no medical evidence was presented that claimant was unable to perform her filing duties nor did claimant take advantage of the employer’s offer to accommodate her alleged limitations (see Matter of Bellinger [Commissioner of Labor], 104 AD3d 1034, 1035 [2013]). In view of the foregoing, and accepting the Board’s credibility determinations (see Matter of Smith [Rochester Inst. of Tech. — Commissioner of Labor], 68 AD3d at 1431-1432]), we find that substantial evidence supports the Board’s decision.
Peters, EJ., McCarthy, Garry and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.