Matter of Salcedo (E.H. Mfg. Inc.--Commissioner of Labor) (2019 NY Slip Op 03125)





Matter of Salcedo (E.H. Mfg. Inc.--Commissioner of Labor)


2019 NY Slip Op 03125


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

527597

[*1]In the Matter of the Claim of JUAN SALCEDO, Respondent. E.H. MFG. INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ.


Grossman LLP, New York City (Judd B. Grossman of counsel), for appellant.
Manhattan Legal Services, New York City (Julia P. Rosner of counsel), for Juan Salcedo, respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 12, 2018, which ruled that claimant was entitled to receive unemployment insurance benefits.
During the course of his employment as a design assistant for a clothing manufacturer, claimant sent a text message to a coworker. The coworker forwarded this message to the attention of claimant's supervisor, complaining that it was harassment. On the following business day, the supervisor verbally reprimanded claimant for sending the message. Claimant disagreed with the discipline and was advised that he could come back to discuss the matter further if he wished. Later that day, claimant approached the supervisor and demanded to see the text message. Using a tone that the supervisor described as "angry," "hostile" and "aggressive," claimant disputed the supervisor's position that the message was work-related and told her how he believed she should have handled the matter. Another employee overheard the discussion and described claimant's voice as "disrespectful" and "increasing [in] volume." The employer's co-owner subsequently terminated claimant's employment, concluding that he had violated the employer's anti-harassment policy by sending the message and had been insubordinate to the supervisor.
Claimant applied for unemployment insurance benefits and was found to be ineligible on the ground that he lost his employment due to disqualifying misconduct. Following a hearing, an Administrative Law Judge overruled the initial determination, finding claimant to be eligible for unemployment insurance benefits. Without resolving the credibility of the competing accounts, the Administrative Law Judge found that, "[e]ven taking all of the employer's testimony as true, that
. . . claimant sent a harassing [text] message to a coworker and then approached his supervisor in an aggressive and rude manner," such behavior did not rise to the level of disqualifying misconduct. The Unemployment Insurance Appeal Board affirmed the decision. The employer appeals.
It is well established that "not every discharge for cause rises to the level of misconduct for unemployment insurance purposes" (Matter of Reilly [Transitional Servs. for N.Y., Inc.-Commissioner of Labor], 76 AD3d 738, 739 [2010]; see Matter of Guynup [County of Clinton-Commissioner of Labor], 106 AD3d 1357, 1358 [2013]; Matter of Wright [City of Syracuse-Commissioner of Labor] , 101 AD3d 1198, 1199 [2012]; Matter of Culver [Feinberg-Commissioner of Labor], 100 AD3d 1334, 1334 [2012]). "[W]hether a claimant's behavior has risen to the level of disqualifying misconduct is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Irons [TLC W., LLC-Commissioner of Labor], 79 AD3d 1511, 1512 [2010]; accord Matter of Wright [City of Syracuse-Commissioner of Labor], 101 AD3d at 1199).
Here, the Board made a factual determination that claimant's behavior was not "so egregious as to rise to the level of misconduct." Although the employer's witnesses testified that claimant sent a harassing message and spoke loudly and rudely to the supervisor, they also testified that he had not previously engaged in insubordinate behavior and had not received prior warnings (compare Matter of Sona [Commissioner of Labor], 13 AD3d 799, 800 [2004]; Matter of Francano [Commissioner of Labor], 12 AD3d 768, 768-769 [2004]). The Board further noted that claimant did not make abusive statements, refuse to follow the supervisor's directions or take other actions that had previously been held to constitute disqualifying misconduct (see e.g. Matter of Segarra [Commissioner of Labor], 45 AD3d 1146, 1146 [2007]; Matter of Montanye [Commissioner of Labor], 10 AD3d 830, 831 [2004]). As the Board's conclusion is supported by substantial evidence, we decline to disturb it (see Matter of Hasan [Apogee NY Trucking LLC-Commissioner of Labor], ___ AD3d ___, 2019 NY Slip Op 01874 [2019]; Matter of Guynup [County of Clinton-Commissioner of Labor], 106 AD3d at 1358-1359; Matter of Irons [TLC W., LLC-Commissioner of Labor], 79 AD3d at 1512).
Garry, P.J., Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.